## THE PENNSYLVANIA COMPANY

### v.

### ALBERT FRANA.

1.  RELATIVE LOCALITIES—JUDICIAL NOTICE.—The court can not take judicial notice of the locality of an intersection with North Canal street, at a point just north of Parson & Foster's lumber yard, with reference to that of Western and Egan avenues.   Such relative localities must be shown by the evidence.

2.  CONSTRUCTION OF AN ORDINANCE, MATTER OF LAW.—A valid ordinance of a city stands on the same footing as a statute.   An instruction which leaves it to the jury to determine the applicability of an ordinance to the circumstances and its legal effect, is erroneous.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed June 27, 1883.

This suit was by Frana, the appellee, to recover against the Pennsylvania Company, the appellant, for a personal injury suffered by the plaintiff, May 18, 1882, resulting in the loss of his right leg and the big toe of the other foot, by being run into by a car of the defendant, which was being backed up by a locomotive, while plaintiff was riding in a wagon drawn by a mule, and attempting to cross the defendant's railroad track, at its intersection with North Canal street, in the city of Chicago.

The declaration contains two counts, the first of which charges general negligence in the management of said car and locomotive engine; the second charges negligence in failing to have a flagman at the place of the collision in violation of an ordinance of said city. On the trial upon a plea of not guilty, the plaintiff with his other evidence introduced an ordinance of said city as follows:

" All railroad companies whose track or tracks cross or intersect any of the streets in the city of Chicago, east of the west line of Western avenue, or north of the south line of Egan avenue, and also at all crossings of street or horse railways, shall station, keep and maintain at all times, at their own expense, at each and every of said street and railroad crossings, a flagman, whose duty it shall be to signal persons traveling in the direction of any or either of the crossings, and warn them of the approach of any locomotive engine, or any impending danger."

There was no evidence that the place where the accident occurred was a street or horse railway, or tending to show that such locality was east of west line of Western avenue, or north of the south line of Egan avenue, but only, that it was in the city of Chicago. There was a conflict of evidence upon the question of negligence of defendant, and whether the plaintiff was, at the time, in the exercise of ordinary care.

Pennsylvania Co. v. Frana.

At the instance of the plaintiff's counsel, the court gave the following instructions:

1. " The court instructs the jury on behalf of the plaintiff, that if they believe, from the evidence, that the railroad track of the defendant intersects with North Canal street at a point just north of the line beyond of Parsons & Foster; and if they believe from the evidence that an ordinance of the city of Chicago required the defendant to keep and maintain a flagman at such point in order to give warning of the approach of trains along the said railroad track; and if they further believe, from the evidence, that at the time of the accident, if any, there was no flagman present as such point, or that no flagman gave warning of the approach of the train along the said track; and if the jury believe, from the evidence, that the plaintiff undertook to cross the tracks of the defendant at said point, and that before attempting to cross the same he stopped and looked and listened to see if any trains were approaching, and was using due care at said time, and that he did not know of the approach of any train of the defendant, and did not see or hear of the approach of any trains, and received no notice or warning of the approach of any, and that he was struck by a train of cars of the defendant at said time and place, and sustained an injury in consequence of the neglect of the servants of the defendant, and not through any negligence of the plaintiff, then the plaintiff can recover in this case."

2. " The court further instructs the jury in behalf of the plaintiff, that if they believe, from the evidence, that the railroad track of the defendant intersects North Canal street at or near the point where the accident, if any, happened ; and if they further believe, from the evidence, it was the duty of the defendant to keep a flagman at said point, and that the defendant regularly kept and employed a flagman at or near such point, whose duty it was to give warning of the approach of trains along the track of the defendant ; and if they further believe, from the evidence, that at the time of accident, if any, the flagman was absent, engaged in the performance of other duties than that of giving warning to those crossing

the track or tracks of the defendant, and that the said plaintiff was at the time of the accident referred to, using due care, and that he was injured by reason of the negligence of the servants of the defendant, and not through his own negligence, then the plaintiff is entitled to recover in this case."

The plaintiff had judgment for six thousand dollars, and defendant appealed to this court.

Messrs. WILLARD & DRIGGS, for appellant; that the first count of the declaration was too general and the demurrer thereto should have been sustained, cited C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425.

As to appellee's duty to get from his vehicle and go forward to a point where a view of appellant's approach could be obtained: Indianapolis & St. L. R. R. Co. v. Stables, 62 Ill. 313; C. & N. W. R'y Co. v. Hatch, 79 Ill. 137; Flemming v. W. P. R. R. Co. 49 Cal. 253; Penn. R. R. Co. v. Ackerman, 74 Penn. 265; Weiss v. Penn. R. R. Co. 79 Penn. 157; Duffy v. R. R. Co. 32 Wis. 269; Davis v. N. Y. C. R. R. Co. 47 N. Y. (Sickles) 400; C. & R. I. R. R. Co. v. Still, 19 Ill. 499; G. & C. U. R. R. Co. v. Dill, 22 Ill. 265; C. & N. W. R'y Co. v. Sweeney, 52 Ill. 325; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; Toledo, W. & W. R'y Co. v. Jones, 76 Ill. 311; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. R. I. & P. R. R. Co. v. Austin, 69 Ill. 426; St. Louis, etc. R. R. Co. v. Manly, 58 Ill. 300.

The location of the lumber pile so as to obstruct the view of an approaching train was negligence on the part of appellee's employer and must be attributed to appellee himself: Indianapolis & St. L. R. R. Co. v. Smith, 78 Ill. 112; Rockford, R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. 235.

An ordinance of the city has the same force and effect as a law passed by the legislature and can not be regarded otherwise than a law of, and within the incorporation: Mason v. City of Shawneetown, 77 Ill. 533.

It is error to instruct the jury to pass upon a question of law: Amend v. Smith, 87 Ill. 198.

An instruction which ignores the pleadings with respect to

the negligence alleged and allows a recovery for negligence of any kind, is erroneous: Chapin v. Thompson, 7 Bradwell, 288; Katz v. Moessinger, 7 Bradwell, 536.

As to instructions upon contributory negligence: C. B. & Q. R. R. Co. v. Van Patten, 74 Ill. 91; C. & N. W. R'y Co. v. Dimick, 96 Ill. 42; W. St. L. & P. R. R. Co. v. Shacklett, 15 Chicago Legal News, 172.

Oral instructions or oral modifications of written instructions are not allowed: Ray v. Wooters, 19 Ill. 81; I. C. R. R. Co. v. Hammer, 85 Ill. 526.

It is the duty of the court to pass on all instructions asked, regardless of the time when presented: Kepperly v. Ramsden, 83 Ill. 354.

Mr. James Frake and Mr. Charles E. Pickard, for appellee; that by pleading to the declaration after the overruling of the demurrer, the right to assign such overruling as error is waived, cited Vanderbilt v. Johnson, 3 Scam. 49; Brown v. Ill. Mut. Ins. Co. 42 Ill. 366.

The plaintiff was bound to use only ordinary care and diligence: Stratton v. Central City Horse Car Co. 95 Ill. 25.

The maintaining of a flagman at the place was a necessary precaution on the part of the company, and an omission to do so constituted gross negligence: St. L. etc. R. R. Co. v. Dunn, 78 Ill. 197.

What constitutes ordinary care is a question of fact to be found by the jury and not of law to be laid down by the court: G. W. R. R. Co. v. Haworth, 39 Ill. 346; Kolb v. O'Brian, 86 Ill. 210; Garland v. C. & N. W. R'y Co. 8 Bradwell, 571; Village of Warren v. Wrigler, 103 Ill. 98.

The finding of the jury upon the question of comparative negligence should not be set aside unless they were actuated by passion or great prejudice: C. & N. W. R'y Co. v. Ryan, 70 Ill. 211; McClelland v. Mitchell, 82 Ill. 35; Johnson v. Smallwood, 88 Ill. 73.

An ordinance is admissible in evidence: Barr v. Village of Auburn, 89 Ill. 361; Booth v. Town of Carthage, 67 Ill. 102.

Even if the jury did construe the ordinance, the instruction

could not have prejudiced appellant as they construed it rightly and the case should not therefore be reversed: Dishon v. Schorr, 19 Ill. 59; Kendall v. Brown, 86 Ill. 387.

An averment of negligence is sufficient to admit proof of gross negligence: Rockford, R. I. & St. L. R. R. Co. v. Phillips, 66 Ill. 548.

As to instructions upon comparative negligence: Parker v. Fergus, 52 Ill. 420; Ryan v. Donnelley, 71 Ill. 100; Green v. Mann, 11 Ill. 613.

Even if an instruction is technically defective it should not cause a reversal when it is corrected by a previous instruction: Gilchrist v. Gilchrist, 76 Ill. 281; Walker v. Collier, 37 Ill. 362.

As to the refusal of the court to give instructions: Scott v. Delaney, 87 Ill. 146; May v. Tallman, 20 Ill. 443; Green v. Mann, 11 Ill. 613; Ryan v. Donnelly, 71 Ill. 100.

As to excessive damages: C. & A. R. R. Co. v. Murray, 71 Ill. 601; I. C. R. R. Co. v. Parks, 88 Ill. 373; C. & A. R. R. Co. v. Wilson, 63 Ill. 167; Sedgwick on Measure of Damages, 5th ed. 707.

McAllister, J. By the first instruction for the plaintiff, the jury were directed, that if they found that the railroad track of the defendant intersected with North Canal street, at a point just north of the lumber yard of Parson & Foster, then they were to determine whether or not the ordinance of the city of Chicago, in evidence, required the defendant to keep and maintain a flagman at that point, in order to give warning, etc. The only evidence respecting the locality of that point was, that it was in the city of Chicago. There was none tending to show its location, with reference to that of Western and Egan avenues, mentioned in the ordinance which provides, that: " All railroad companies whose track or tracks cross, or intersect any of the streets in the city of Chicago, *east of the west line of Western avenue, or north of the south line of Egan avenue*, and also at all crossings of street or horse railways, shall station, keep and maintain at all times, at their own expense, at each and every of said street

Pennsylvania Co. v. Frana.

and railroad *crossings*, a flagman, whose duty it shall be," etc.

Now, in the first place, it will be perceived, that there arises a question of construction, whether the term "crossings" embraces the case of a mere *intersection* as supposed in the first part of the instruction. And besides, unless the court could take judicial notice of the locality of that intersection with North Canal street, at a point just north of Parson & Foster's lumber yard, with reference to that of Western and Egan avenues, the ordinance could not be resorted to for the purpose of establishing the legal duty of the defendant to keep a flagman at such point. We are of opinion that the court could not take judicial notice of such relative localities. It should have been shown by the evidence. 1 Phil. on Ev. (10th Eng. and 5th Am. Ed.) pp. 625-6, and cases in notes.

Another fatal objection is, that the instruction leaves it to the jury to determine the applicability of the ordinance to the circumstances, and its legal effect, mere questions of law. A valid ordinance of a city stands on the same footing as a statute. Heland v. Lowell, 3 Allen, 407; Church v. City of New York, 5 Con. 538; Taylor v. Carondelet, 22 Mo. 105; Mason v. City of Shawneetown, 77 Ill. 533; Hopkins v. Mayor of Swansea, 4 Mees. and Welsb. 640. Where has it ever been decided, by any of the higher courts, that, in a civil case, the construction of a statute might properly be left to the jury? That the construction of a statute or other written instrument, is a matter of law can not be questioned. The ancient maxim is, that it is the office of the judge to instruct the jury in points of law; of the jury to decide on matters of fact. Hence it is the duty of the court to construe all written instruments; and it is the duty of the jury to take that construction from the court, either absolutely, if there be no words to be construed or explained, as words of art or phrases used in commerce, and no surrounding circumstances to be ascertained —or conditionally, when those words or circumstances are necessarily referred to them. Broom's Legal Maxims, pp. 106-7.

The instruction submitted it to the jury, to find as a fact, that the plaintiff stopped before attempting to cross the rail-

road track in question. There was not only no evidence tending to show that he did stop, but he testified emphatically that he did not. That was wrong. The conclusion of the instruction was a departure from the species of negligence, which might be predicated of the facts embraced in the previous hypothesis.

The second instruction submitted to the jury the question, whether it was the *duty* of the defendant to keep a flagman, at the point in question, to be determined by them, generally from the evidence. If the word "duty" as used in the instruction, did not mean, or would not be understood by the jury, as meaning, a legal duty, or a duty cast upon the defendant by the law, then the instruction was erroneous for that reason, since the law takes no cognizance of the breach of any duty, except it be a legal one, or one which the law imposes. Curlewis v. Brond, 31 Law J. Exch. 473; Addison on Torts, 14; Ferguson v. Earl of Kinnaul, 9 Cl. and Fin. 289; Brown v. Boorman, 11 Cl. & Fin. 44.

Wharton defines a legal duty thus: "A legal duty is that which the law requires to be done or forborne to a determinate person, or to the public at large, and is correlative to a right vested in such determinate person, or the public at large." Wharton on Neg. § 24.

It is perfectly clear, therefore, that, if the word "duty," as employed in the instruction, meant legal duty, then it left a question of law to the determination of the jury, and that was error. Mitchell v. The Town of Fond du Lac, 61 Ills. 174.

For the error indicated, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.