### SADLER v. PEOPLES.

(Circuit Court, E. D. Pennsylvania. January 2, 1901.)

No. 33.

TRIAL—QUESTIONS FOR COURT—CONSTRUCTION OF ORDINANCE.

Where an ordinance introduced in evidence, and which has a bearing on a question in issue, is not clear in its meaning, it is error to submit the case to the jury without a construction of such ordinance by the court.

On Motion for New Trial.

C. J. Hepburn, for plaintiff.
J. Martin, for defendant.

DALLAS, Circuit Judge. Several questions of much interest have been raised in this case, and have been very ably argued by counsel. I, however, do not deem it necessary at this time to refer to all of them, or to discuss any of them at length. For the present purpose, it will suffice to state the conclusions I have reached on the points upon which the defendant particularly relies in support of his motion for new trial.

1. I am still of the opinion which I expressed upon the trial respecting the plaintiff's right to recover for the loss of his bargain. I think that, under the circumstances of this case, he would be, upon competent evidence of the amount of such loss, entitled to compensation therefor. But I instructed the jury, in effect, that, in addition thereto, he should also be awarded the amount of the expenses he incurred in having the title examined, etc. In doing this I inadvertently fell into an error which injuriously affected the defendant, and which I think should be corrected, notwithstanding the fact that my attention was not called to the matter at the time, by exception or otherwise.

2. I doubted the sufficiency of the evidence respecting the plaintiff's qualification to testify as an expert, but solved that doubt by allowing him to so testify. I now think that the court's discretion in this regard was not judiciously exercised.

3. Error was committed in submitting to the jury, without construction by the court, the ordinance of the borough of Yardley, "adopted by council, February 10, 1896." The meaning of this ordinance is, as to the point in question, not perfectly clear, but, as I now understand it, its effect was to grant to E. W. Maloney & Co. the privilege of placing poles and stringing wires, and to operate the electric plant to which it refers, for a term of five years; provided that, if the plant should cease to be operated within that term, then and thereupon the grant would become null and void. The defendant's motion for a new trial is granted.