### JOHNSON v. MOORE.

No. 5047.   Opinion Filed November 9, 1915.

(152 Pac. 1073.)

1.   WITNESSES—Impeachment—Mode of Impeachment. An official court stenographer, who has correctly taken the testimony of a witness at a former trial, may read his notes of such testimony to the jury at a subsequent trial, to show that a witness testified differently, when the proper foundation has been laid, and it is not necessary that he make a transcript of such notes.

2.   SAME. Where a witness is asked if, at a former trial of the same case, he did not testify differently from his testimony given

in the case on trial, the introduction of the inconsistent evidence is not precluded by his answering that he does not remember what he testified to on the former trial, because the material question is whether he has made inconsistent statements, and not whether he remembers his former evidence.

(Syllabus by Devereux, C.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by S. A. Moore against Petty Johnson. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

This was an action on two promissory notes, and also to foreclose a chattel mortgage given to secure the same. It appears that there had been a former trial of the same case, in which the plaintiff testified as a witness in his own behalf, and on the trial of this case the defendant offered to prove by the notes of the official stenographer that the plaintiff had given a different account of the transaction when he testified at the former trial. The case-made shows the following:

"Mr. Johnson: I offer the notes of the stenographer of the evidence of Dr. S. A. Moore, at the last trial, wherein he testified that he gave two separate checks to Petty Johnson payable to Howendobler, one of them being for fifty-six dollars and the other for forty some odd dollars. Mr. Cress: I object to that as incompetent, irrelevant, and immaterial. The Court: If the notes are here, I will let him show that. Mr. Johnson: That is what I want to show exactly. Mr. Cress: That it is assuming that it is true. Mr. Johnson: If this is not there, you can't be hurt. The Court: No objection sustained. Mr. Johnson: We except to that. We offer the notes further to show—that is, the notes of the evidence of Dr. S. A. Moore—to show and for the purpose of contradicting his evidence in the present trial wherein he testified that he

emphatically refused to surrender that team and harness to Petty Johnson after taking it by main force in the alley back of Woodruffs'. The Court: Objection is sustained (exception) and exception allowed. Mr. Johnson: Will the court grant me seven minutes (until noon) so that I can have these notes transcribed, if that is what the court wants, that they should be transcribed? The Court: No, sir; you have had six months to get ready to try this case. Mr. Johnson: Yes, and I think the notes are good evidence. The Court: My stenographer is here— Mr. Johnson: If I am not mistaken about it, it is only an honest mistake. The Court: My stenographer is here, and you can see him at any time you want to. If you haven't asked him to look the matter up for you, I can't take the time now to go through with that. Mr. Johnson: I would like to use him as a witness and let him read the notes. The Court: No, we haven't time for that, the specific question was not called to the attention of the witness. He said he didn't remember about it, there is no contradiction about it in this case. (Exception.) And exception allowed."

There was a verdict and judgment for the plaintiff, and the defendant brings the case to this court by petition in error and case-made.

*H. A. Johnson,* for plaintiff in error.

*P. W. Cress,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). There was error in excluding the testimony of the stenographer. In *Wilmoth v. Wheaton,* 81 Kan. 29, 105 Pac. 39, it is said:

"To reproduce the evidence of a witness deceased or absent from the jurisdiction of the court who has testified to the fact in issue on a former trial, it is not error to permit the court stenographer to translate and read his stenographic notes of such evidence in the hearing of the

jury, instead of requiring that the notes be transcribed and certified."

And see *Harman v. Territory*, 15 Okla. 147, 79 Pac. 765.

If this is taken as impeaching evidence, the reason given by the court for excluding it is unsound, for the witness had been asked if he did not testify to certain facts at the former trial inconsistent with his testimony at the instant trial, and his answer was, as given by the court in excluding the evidence, that he did not remember. In 1 Greenleaf on Evidence (16th Ed.) sec. 462, it is said:

"But it must be remembered that the substantial statement to be confronted by the inconsistent statement is by hypothesis something said before the inquiry is made of him, and independently of his answer to it. Consequently, it is immaterial that he answers that he does not remember whether he made the inconsistent statement; e. g., if he has testified that A. was at X., a prior statement that A. was at Y. is none the less inconsistent, even though he answers on inquiry that he does not remember saying so; the inquiry is made merely for fairness sake, and not to secure an answer that would be contradictory."

And see, to the same effect, 2 Wigmore on Evidence, sec. 1037; *Crowley v. Page*, 7 Car. & P. (Eng. Common Law) 789, where it is said that, if the rule were not so, it would be impossible to contradict a witness who said that he could not remember.

We therefore recommend that the judgment be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.