### KLEIN v. MUHLHAUSEN.

No. 11381—Opinion Filed July 5, 1921.

Rehearing Denied Aug. 31, 1921.

(Syllabus.)

**1. Trial—Instructions—Giving Summary of Pleadings.**

It is the correct practice generally to state the issues of the case as made by the pleadings to the jury; and it is not error to properly summarize in the instructions the allegations contained in the pleadings.

### 2. Same—Construction of Ambiguous Ordinance in Evidence.

Where an ordinance has been introduced in evidence which has a material bearing on the question in issue and such ordinance is not clear in its meaning or is ambiguous, it is error to submit the case to the jury without the court instructing the jury in the interpretation of said ordinance.

### 3. Same—Duty to Instruct on All Issues Raised.

It is the duty of the court to submit to the jury, and give instructions thereon, any issue. theory, or defense which the evidence tends to support. This right is not affected by the fact that there is countervailing testimony.

### 4. Witnesses—Impeachment—Former Inconsistent Testimony.

Where a witness is asked if, at a former trial of the same case, he did not testify differently from his testimony given in the case on trial, it does not prevent the inconsistent evidence from being offered, because he answers that he does not remember what he testified to on the former trial, because the material question is whether he has made inconsistent statements, and not whether he remembers his former evidence.

### 5. Same—Collateral Matters.

Where a witness is cross-examined on a matter collateral to the issue, his answer is conclusive and cannot be subsequently contradicted by way of impeachment by the party putting the question.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by W. R. Muhlhausen against J. B. Klein for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Cottingham & Hayes and Hunter L. Johnson, for plaintiff in error.

Suits & Hall and Kleinschmidt & Grant, for defendant in error.

McNEILL, J. This was an action by W. R. Muhlhausen to recover damages for personal injuries sustained by the collision of his motorcycle with J. B. Klein's automobile by reason of the negligence of J. B. Klein.

The plaintiff's theory of the collision, as pleaded and testified to by him, may be briefly stated as follows: Reno avenue is one of the streets of Oklahoma City extending east and west with a street car line constructed in the middle of the street. Dewey street is a street extending north and south and intersects with Reno avenue. He and his brother were riding a motorcycle traveling west on Reno avenue, and at the intersection of Dewey street, a street car running east on Reno avenue had stopped for the purpose of unloading passengers, and as plaintiff was crossing the intersection the defendant, Klein, who had been driving his automobile on the south side of the street-car track on Reno avenue eastward, instead of waiting until he, Klein, had reached the east side of the intersection before turning north on Dewey street, crossed the street at the rear end of the street car and west of the intersection, and proceeded in a northeasterly direction toward Dewey street, and drove his automobile into the motorcycle of the plaintiff. The collision occurred at the northwest corner of the intersection, and plaintiff's leg was broken and he was permanently injured. It was alleged that the defendant in crossing the street violated certain city ordinances which required that the defendant should have driven to the intersection and kept to the east of the center of the intersection before turning north on Dewey. Copies of said ordinances were set out in the petition and amended petition.

The defendant's theory of the collision, as pleaded and testified to by him, may be stated, in substance, as follows: That he was driving east on the south side of Reno avenue, and as he came to the intersection of Reno and Dewey street he proceeded eastward close behind the streetcar and turned his car north, crossing to the east of the center of the intersection, and while on the proper side of the intersection, driving at a slow rate of speed and not to exceed five miles per hour, the plaintiff, driving his motorcycle at a high rate of speed and not under control, was coming directly toward defendant, and he, the defendant, in order to avoid an accident, turned his car westward to prevent the plaintiff from running into his car, but the plaintiff was driving at such a high rate of speed, and not having his motorcycle under control, ran into the fender of defendant's automobile, thereby injuring the plaintiff. It is alleged that the plaintiff was violating certain city ordinances in traveling at a high rate of speed across the intersection when the view was obstructed. and not having certain equipment on his motorcycle and not having the same under control. Copies of the ordinances were attached to the answer.

The case was tried to a jury and judgment rendered in favor of the plaintiff. From said judgment, the defendant has appealed. For convenience. the parties will be referred to in this opinion in the position they occupied in the court below, to-

wit, Muhlhausen being referred to as plaintiff, and Klein as defendant.

The defendant first argues that the court erred in stating the issues in instruction No. 1 by copying in said instruction the extensive and detailed allegations of plaintiff's petition regarding his injuries, to which defendant at the time excepted. The court in defining the issues between the plaintiff and defendant copied in substance that portion of the petition which referred to the injuries plaintiff alleged he had sustained, to wit, that he was knocked from his motorcycle and rendered unconscious for several hours and that the bones of his leg were broken in several places and that one portion of the bone was so broken that it was impossible to save the same and it became necessary to completely remove said piece of bone and the lacerated condition of the muscle tissue had interfered with the proper circulation and nutrition of the injured part and the bone had not united. The defendant admits that the giving of the instruction. standing alone, would not constitute reversible error, but contends it is one of the numerous errors committed by the court, and when all are considered together, defendant was deprived of a fair trial.

This court has discussed this same question in the case of Wichita Falls & N. W. Ry. Co. v. Puckett, 53 Okla. 463, 157 Pac. 112; Schmucker v. Clifton, 62 Okla. 249, 162 Pac, 1094; and Chicago, R. I. & P. Ry. Co. v. Bentley, 43 Okla. 469, 143 Pac. 179; and by applying the law announced therein to the case at bar, the giving of said instruction would not constitute error. The instruction in the instant case advised the jury of the injuries plaintiff alleged he had received, and of the pain suffered. and there was evidence introduced to support all of these allegations. The plaintiff was entitled to have the court advise the jury of the injuries he complained of, as it was only those that the jury were to take into consideration in fixing the amount of his recovery. Whether given in the instruction which stated the issues. or some other instruction, we think it immaterial. We do not think the instruction subject to the criticism complained of.

The defendant complains of the giving of instruction No. 7. and the refusal of the court to give instructions Nos. 6, 7, and 17. requested by the defendant. In giving instruction No. 7 the court first advised the jury what was ordinance No. 1260, and then copied the entire ordinance in said instruction, the material part of which is as follows:

"The rate of speed may be maintained but not exceeded. * * * A speed of eight miles per hour when passing intersecting streets or cross-roads, where view of the cross-street is obstructed, a speed of eight miles per hour on streets within the fire limits * * * Outside the fire limits fifteen miles per hour."

And then in the same instruction advised the jury it was agreed between the parties that the scene of the accident was outside of the fire limits, and further instructed the jury, if they believed from the evidence that plaintiff was violating any of the provisions of the ordinance, he would be guilty of negligence, and if said negligence directly and proximately contributed to the collision, then their verdict should be for the defendant. The defendant in his requested instruction requested the court to define said ordinance and to instruct the jury in substance that it was a violation of said city ordinance to drive a motorcycle across the intersecting streets at a speed in excess of eight miles if the view at said intersection was obstructed, and that a violation of said ordinance would be negligence. The court refused to give said instruction, or one covering this theory of the defense.

Plaintiff and defendant disagreed as to the construction to be placed upon ordinance No. 1260. Plaintiff contended that it was not a violation of the ordinance unless he was exceeding the speed of 15 miles per hour, when passing intersecting streets or cross-roads where the view is obstructed outside of the fire limits. The defendant contends that any speed at such places in excess of eight miles per hour is a violation of the ordinance.

In construing statutes there are certain well-known rules of construction: First, the intent of the lawmakers, when ascertained. must govern; and. as was said in the case of Harris v. Bell, 250 Fed. 209:

"Every statute should have a reasonable, sensible construction in preference to one which renders it, or a substantial part of it, useless or deleterious."

To the same effect, see Hudson v. Hopkins, 75 Okla. 260, 183 Pac. 507. If we accept the interpretation placed upon this section of the ordinance by the plaintiff, then the phrase. "a speed of eight miles per hour when passing intersections or crossroads where the view of the cross-road is obstructed," is surplusage and serves no useful purpose, for a person may travel

eight miles per hour on streets within the fire limits and 15 miles per hour outside of the fire limits without violating the ordinance. Plaintiff contends the ordinance should be interpreted to mean that one may travel eight miles per hour when passing intersecting streets or cross-roads where the view of the cross-street is obstructed within the fire limits, and 15 miles per hour when crossing intersections where the view is obstructed, outside of the fire limits. If so, the portion of the ordinance serves no purpose whatsoever; with this conclusion, we cannot agree.

In the trial of the case, this section of the ordinance was treated as ambiguous. The plaintiff argued it was not a violation of the ordinance so long as he was not exceeding 15 miles per hour. The defendant contends to the contrary, and it was left for the jury to determine the meaning of the ordinance. The court refusing to define the ordinance, when requested so to do, this was an error. The law applicable is stated in Blashfield's Instructions to Juries (2nd Ed.) pages 137, 138, sec. 68, substantially as follows:

A city "ordinance is to be proved by evidence addressed to the court, and not to the jury." It is the duty of the court, and not of the jury, to construe an ordinance the meaning of which is involved in a pending suit, "and it is error to submit to the jury, without construction by the court, an ordinance the meaning of which is, as to the point in controversy, not perfectly clear."

"A valid ordinance stands on the same footing as a statute. An instruction which leaves it to the jury, to determine the application of an ordinance to the circumstances, and its legal effect, is erroneous." Pennsylvania Co. v. Frana, 13 Ill. App. 91.

The construction to be placed upon the statute or city ordinance is for the court and not for the jury. In the case of Sadler v. Peoples, 105 Fed. 712, it was said:

"Where an ordinance introduced in evidence, and which has a bearing on a question in issue, is not clear in its meaning it is error to submit the case to the jury without a construction of such ordinance by the court."

See, also, The Pennsylvania Co. v. Albert Frana, 13 Ill. App. 91; Kansas City, Ft. S. & M. Ry. v. Becker (Ark.) 39 S. W. 358; International & G. N. Ry. Co. v. Bandy (Tex. Civ. App.) 163 S. W. 341; St. L., I. M. & S. Ry. Co. v. Elrod (Ark.) 173 S. W. 836; Butler v. Gill, 34 Okla. 814, 127 Pac. 439. As was said in the case of Leavitt v. Deichman, 30 Okla. 423, 120 Pac. 983:

"It is essential that the instructions taken as a whole should fairly and clearly state the law applicable to the case."

Plaintiff contends, however, if the court should hold the instruction erroneous, the case should not be reversed by reason of section 6005, Rev. Laws 1910; but with this we cannot agree. This court, in the case of Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 Pac. 934, stated as follows:

"It is the duty of the court to submit to the jury, and give instructions thereon, any issue, theory, or defense which the evidence tends to support. This right is not affected by the fact that there is countervailing testimony."

See, also, Menten v. Richards et al., 54 Okla. 418, 153 Pac. 1177; Oklahoma Ry. Co. v. Christenson, 47 Okla. 132, 148 Pac. 94; A., T. & S. F. Ry. Co. v. Jamison, 46 Okla. 609, 149 Pac. 195; Holmboe v. Neale, 69 Oklahoma, 171 Pac. 334.

One of the defenses was that the plaintiff was guilty of contributory negligence by exceeding the speed limits at this particular intersection, by reason of the view being obstructed, and there was evidence to support this fact, and in fact it was admitted by plaintiff. It then became the duty to instruct the jury as a matter of law the rate of speed the plaintiff could travel at the intersection crossing without violating the ordinance, and having been requested to do so by the defendant and refusing to do so, it constitutes reversible error.

While it is unnecessary to mention the other assignments of error, yet in view of the fact that the case must be reversed, there are other assignments of error which we think are well taken and, although the errors might not be sufficient to cause a reversal of the case, we will call the attention to said fact and thus avoid the necessity of said errors occurring upon another hearing.

The defendant propounded to the witnesses Sexton and Peshek certain impeaching questions and asked if they did not testify to a certain state of facts at a former trial, and in answer to those questions the witnesses answered they did not remember. The defendant offered in evidence as a part of his defense a transcript of the evidence given at the former trial, being the exact questions and answers asked the witness—impeaching questions—upon cross-examination. The plaintiff objected to the introduction of said evidence, and the court sustained the objection. This was error, and

was so held in the case of Johnson v. Moore, 52 Okla. 274, 152 Pac. 1073, where the court stated as follows:

"Where a witness is asked if, at a former trial of the same case, he did not testify differently from his testimony given in the case on trial, the introduction of the inconsistent evidence is not precluded by his answering that he does not remember what he testified to on the former trial, because the material question is whether he has made inconsistent statements, and not whether he remembers his former evidence."

It is also contended that when defendant Klein was upon the witness stand he was asked certain questions upon cross-examination upon matters collateral to the issues, and thereafter plaintiff offered evidence tending to impeach Klein upon the matters brought out upon cross-examination. This was likewise error. The law applicable is stated as follows:

"When a witness is cross-examined on a matter collateral to the issue, his answer is conclusive and cannot be subsequently contradicted by way of impeachment by the party putting the question. The test of whether a fact inquired of in cross-examination is collateral is this: Would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea?" See Willis v. State, 13 Okla. Cr. 701. 167 Pac. 333.

We think there is no different rule in civil and criminal cases; that when a witness is cross-examined on a collateral matter to the issue, his answer is conclusive, and cannot be subsequently contradicted by way of impeachment by the party putting the question; but what might be considered reversible error in a criminal case might not in a civil case.

For the reasons stated, the judgment of the trial court is reversed and remanded, with instructions to set aside the judgment and grant the defendant a new trial.

PITCHFORD, V. C. J., and MILLER, ELTING, and NICHOLSON, JJ., concur.