## HILL et al. v. WILSON et al.

No. 17357. Opinion Filed Sept. 13, 1927.

Rehearing Denied Oct. 18, 1927.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Conclusiveness of Findings in Law Action.**

In an action for the recovery of real property tried to the court, without a jury, the findings of the court upon disputed questions of fact will be given the same weight and effect as the verdict of a jury, and, where reasonably supported by the evidence, will not be disturbed on appeal.

2. **Witnesses—Impeachment by Inconsistent Statements—Laying Foundation.**

In laying the foundation to impeach a witness for inconsistent statements, in calling attention of the witness sought to be impeached to the alleged inconsistent statements, it is not necessary that such witness positively deny having made the statement. If he refuses to admit, or states that he does not remember, having made the statement, it is sufficient to permit the introduction of impeaching testimony, all other requisites being complied with.

3. **Judgment Sustained.**

Record examined, and held, that the findings and judgment of the trial court are reasonably supported by the evidence, although conflicting.

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Amanda Hill et al. against Ollie Wilson et al. to recover possession of inherited lands. Judgment for defendants, and plaintiffs appeal Affirmed.

Orr & Woodford, for plaintiffs in error.

Mark L. Bozarth and R. S. Cate, for defendants in error.

FOSTER, C. This is an action in ejectment brought by the plaintiffs in error, plaintiffs below, against the defendants in error, defendants below, to recover an undivided one-half interest in certain lands in Okmulgee county.

The lands in controversy are a part of the allotment of Ben Porter, a Creek Indian of three-fourths blood.

The undisputed facts are that Ben Porter was a Creek Indian of three-fourths blood; that he died intestate and without issue on November 29, 1906, seized of the lands in controversy; that he left surviving him a wife, Lena Porter; that his father and mother were John Porter and Mary Porter, respectively, who died prior to the death of the said Ben.

The defendants at the time of the commencement of this action had been in possession of the property 17 or 18 years, claiming title under certain deeds from persons whom they claim to be the sole heirs of Ben Porter.

On the part of the plaintiffs, it was contended that Mary, the mother of Ben, left surviving her a full sister, Melissa, and that the plaintiffs are the descendants of Melissa and as such inherited an undivided one-half interest in the lands in controversy, as the maternal heirs of the allottee.

The only issue presented to the trial court was whether or not Melissa was a sister of Mary, who was the mother of Ben, the allottee. It seems to be conceded that if this issue is decided in favor of the plaintiffs, then the plaintiffs would have a right to recover; and if such issue should be decided in favor of the defendants, then the plaintiffs could not recover and would have no right to question the defendants' right to possession or title whatever it might be.

All the testimony offered at the trial was directed to the sole issue as to whether or not Melissa was the sister of Mary. Both parties waived a jury and submitted the issues to the court, who found in favor of the defendants.

It is contended on the part of the plaintiffs in error that the findings of the court are unsupported by the evidence; or, in other words, there is no evidence reasonably tending to support the findings and judgment of the court.

Amanda Hardridge and John Lowe, two of the plaintiffs herein and children of Melissa, were introduced as witnesses in their own behalf. While they testified that they had been told that Melissa was a sister of Mary, neither witness knew either the father or mother of Melissa or Mary. Susan Tiger, witness on behalf of the plaintiffs, stated that she did not get acquainted with Mary Porter until about 1892 or 1893, and that Mary claimed to be a sister of Melissa, but she did not know the father or mother of Melissa or Mary.

G. W. Hill, the husband of Melissa, who

is Principal Chief of the Creek Nation, stated positively that he did not know either the father or mother of Melissa or Mary. On the other hand. witnesses on behalf of the defendants, who had been acquainted with the family since Mary was a little girl, stated that Mary had no sister by the name of Melissa. It developed in the testimony that Mary and Melissa lived at the home of John Bartlett after the death of their parents; that they both belonged to the same town or clan, and that among the Indians those who lived in the same family or belonged to the same town or clan are called sisters or brothers, as the case might be.

After a careful examination of all the evidence introduced in the case, we are unwilling to say that there is no evidence reasonably tending to support the findings of the court below.

In the law action tried by the court, without the intervention of a jury upon issues of fact, the parties may waive the right to have the same determined by a jury, in which case the finding of the judge upon the facts has the force and effect of a verdict by a jury. Const., art. 7, sec. 20.

In the case of Gray v. McKnight, 75 Okla. 268, 183 Pac. 489, this court said:

"In an action for the recovery of real property tried to the court without a jury, the finding of the court upon disputed questions of fact will be given the same weight and effect as the verdict of a jury, and. where reasonably supported by the evidence, will not be disturbed on appeal."

That this court will not weigh conflicting evidence in an appeal from findings of the trial court upon questions of fact in a law action without the intervention of a jury is so well established that it makes it unnecessary to quote further, but the following cases support the proposition: Mitchell v. Gafford, 73 Okla. 153, 175 Pac. 227; City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136; Deming Investment Co. v. Love, 31 Okla. 146, 120 Pac. 635; Roberts v. Mosler, 35 Okla. 691, 132 Pac. 678; Enid Oil & Pipe Line Co. v. Champlin, 113 Okla. 170, 240 Pac. 649; Ward v. Feldman, 122 Okla. 176, 253 Pac. 51; Schulte v. Board of County Comr's, 122 Okla. 205, 253 Pac. 494.

Some contention is made by the plaintiffs in error that the court below expressed itself to such an extent as to indicate that it was thought by the court that the weight of the evidence was with the plaintiffs, but that notwithstanding that fact he found the issues in favor of the defendants. We do not agree with this contention. From a reading of the statement of the court in rendering judgment, and in passing on the motion for a new trial, it is clear to our minds that the court was of the opinion that the weight of the evidence was with the defendants.

The only other question presented upon the record by the plaintiffs is that the court erred in permitting testimony to be introduced tending to impeach the witness, Albert Burgess. It is contended that the witness, O. A. Garner. was permitted to testify that Burgess had made statements outside of court contrary to those made upon the witness stand, and that this testimony was permitted to be introduced without the proper foundation being laid. It is contended that the rule is that, before a witness can be impeached because of contradictory statements, his attention must be called to the time, place, persons, and circumstances of the alleged contradictory statements, and that he must deny the conversation before the impeaching witness will be permitted to testify. We agree with the contention of counsel except that it is not necessary that the witness deny the conversation. If he does not admit it or states that he does not remember it, it is sufficient. An examination of the record discloses that the proper foundation was laid. The witness did not positively deny the conversation, but stated that he did not remember making such statements.

Where a witness is asked if he has made inconsistent statements outside of court, or at a former trial, and he refuses to admit it or answers that he does not remember, this is sufficient to permit the introduction of impeaching testimony, providing the witness' attention is called to the time and place of the alleged inconsistent statement. Johnson v. Moore, 52 Okla. 274, 152 Pac. 1073; Klein v. Muhlhausen. 83 Okla. 21, 200 Pac. 436.

Some contention is made by the plaintiffs that the court below based its decision and judgment on the statute of limitations and, inasmuch as the statute of limitations was not pleaded as a defense, the judgment therefore should be reversed. An examination of the record convinces us that the trial court based its findings and judgment on the sole issue of fact presented and not upon the statute of limitations. In view of the conclusion we have reached on the issue of fact, it is not necessary to decide whether or not the statute of limitations would apply in this particular case.

Upon an examination of the entire record, we are of the opinion that there is sufficient competent evidence in the record to support the findings and judgment of the trial court and that the judgment of the trial court should be affirmed, and it is so ordered.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 876, 879, §2853; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76. (2) 40 Cyc. p. 2738; anno. 41 L. R. A. (N. S.) 977; 28 R. C. L. p. 633; 3 R. C. L. Supp. p. 1588; 4 R. C. L. Supp. p. 1833. (3) 4 C. J. p. 884, §2855.