## GALT et al. v. SYKES.

No. 23697. Sept. 10, 1935.

Rehearing Denied Oct. 8, 1935.

Application for Leave to File Second Petition for Rehearing Denied Nov. 19, 1935.

Geo. N. Otey, for plaintiffs in error.

Champion, Champion & Fischl and Marvin Shilling, for defendant in error.

PER CURIAM.   C. E. Sykes, defendant in error, was plaintiff below, and Edward Galt and P. C. Dings, plaintiffs in error, were defendants below; and for convenience the parties will be referred to herein as they appeared in the trial court.

Plaintiff commenced his action on December 30, 1929, against the defendants, Edward Galt and P. C. Dings.

He alleged in his petition that on or about March 18, 1924, at the request of the First State Bank of Kingston, Okla., and the defendants, Galt and Dings, he loaned the said bank certain Liberty bonds of the principal value of $3,700; that at the time and in order to obtain the loan of said bonds, Galt, the president of the bank, and Dings, a stockholder, executed their written guaranty for the return of the bonds or bonds of a like issue, the language of the agreement as taken from an exhibit to the petition being as follows:

"We, the undersigned, Edward Galt and P. C. Dings, guarantee the return of the above-described bonds, or bonds of like issue and amount, to C. E. Sykes upon demand. We also guarantee the payment of the interest as herein provided. Edward Galt, P. C. Dings."

That in January, 1929, he made demand upon the defendants for the return of said bonds or bonds of like issue, which demand

was refused; he prays for $3,700 and interest.

The defendant Dings answered that he signed the receipt as above set out, and alleged that the transaction was not one between plaintiff and himself, but that his codefendant Galt was the principal, and that if he, Dings, is liable, he is liable only in the event of Galt's liability and then only as a surety of Galt.

The defendant Galt for his answer stated: That he denies generally plaintiff's allegations; that codefendant Dings was only a surety or guarantor for him; that the bonds were loaned as alleged and the receipt signed as alleged; by way of cross-action defendant Galt alleged plaintiff, Sykes, to be indebted to him in the sum of $5,000 with interest; that said sum of $5,000 arises upon and out of an oral contract between plaintiff, Sykes, and himself; that in 1923 plaintiff, Sykes, urged defendant Galt to purchase stock in a corporation, and that it was agreed that plaintiff, Sykes, was to reimburse defendant Galt for such expenditure of $5,000 and take said stock off his hands at any time thereafter before defendant Galt had received his money back from the investment and requested Sykes so to do; that Galt had returned the stock to Sykes, but that Sykes refused to reimburse him for the $5,000 invested.

The plaintiff, Sykes, demurred to the separate answer and cross-petition of defendant Galt: (1) Generally; (2) for the reason that his allegations do not constitute a proper set-off or counterclaim; (3) for the reason that his action, if any, was barred by the statute of limitations; and (4) for the reason that the facts alleged in the cross-petition are in the statute of frauds.

The demurrer was overruled and exceptions duly saved.

On the trial of the case, the plaintiff Sykes testified that he loaned the bonds and that Galt and Dings signed the agreement to return them and thereupon rested his case, whereupon the defendants called one Roy Johnson as their first witness. He testified over plaintiff's objections that Sykes solicited him to purchase stock, and further testified as follows:

"A. Mr. Sykes said he thought he had something that would make us as much money as any oil venture, that he had a bunch of friends who were going to invest and that he would like to have me and Mr. Galt come in with him in the company. We stated that we didn't have any cash and he said that he would be glad to take our notes for any sub-scription. We said that a note was a promise and would have to be paid and would be cash in the end. He said that if we would go ahead and give notes and that he would hold the same and if at any time we wanted our money back that we could have it. Q. What did you and Mr. Galt do? A. We gave our note for $10,000 worth of stock. Q. $5,000 apiece? A. Yes, sir."

On cross-examination, witness was asked if he signed a contract wherein he appeared to be the owner of stock in the corporation along with others, including Galt, and agreed to be liable for his proportionate amount of money borrowed by the company; the defendants objected to the introduction of the contract in evidence for the reason that it was not material to the case and was improper cross examination, which objection was overruled, exceptions saved.

Thereafter, defendant Galt testified on cross-examination that he too signed the contract in question, and also testified that plaintiff, Sykes, agreed to reimburse him for the $5,000 when requested.

The plaintiff, Sykes, denied having made such agreement.

The defendant produced two witnesses who testified that Sykes had made an agreement with them similar to that contended for by the defendants.

The case was tried and instructions given upon the theory that the sole and only question to be determined was whether or not there was an agreement between plaintiff, Sykes, and defendant Galt in 1923 that if Galt would buy $5,000 worth of stock in the corporation, Sykes would repay him the $5,000 and take the stock off his hands upon request.

The jury found the issues in favor of the plaintiff, and the court rendered judgment in favor of the plaintiff and against the defendants.

The case is briefed at length by both parties, and although plaintiff in error states his case in several propositions and subdivisions thereof, he bases his attack upon what he conceives to be the error of the court in admitting in evidence a contract signed by Edward Galt and his witness Roy Johnson, along with some 14 others in which contract it is recited that the signers, including Galt and Johnson, are holders of stock in the corporation in question, and that they will be liable to the extent of an amount equal to the stock owned by them should the corporation borrow money, and which contract appears to have been executed subse-

quent to the date upon which defendant Galt alleges the agreement between himself and Sykes was made.

Plaintiff in error contends that the contract in question was not material to any issues in the case; was not sufficient to constitute estoppel or ratification; was improperly identified and improperly admitted on cross-examination.

From a careful reading of the record, we believe the contract to have been inquired about and introduced, not as a matter of estoppel, but as a circumstance throwing light upon the disputed point in the case, to wit: Whether or not the agreement in question was made.

The defendant did not confine their questions of witness Johnson to matters concerning defendant Galt, but rather brought out by him that he and Galt were together and made exactly the same transaction with plaintiff, Sykes, and we believe it was perfectly proper for him to be cross-examined upon having executed an instrument entirely inconsistent with the agreement testified about, as tending to throw light upon terms of the alleged contract.

"The test of whether a fact inquired of in cross-examination is collateral is this: Would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea?" Klein v. Muhlhausen, 83 Okla. 21, 200 P. 436.

To the same effect see Willis v. State, 13 Okla. Cr. 700, 167 P. 333; Garner v. State, 76 Miss. 515, 25 So. 363; Dotterer v. State, 172 Ind. 357, 88 N. E. 689; State v. Matheson, 130 Iowa, 440, 103 N. W. 137.

Applying this test to the facts in this case, the plaintiff, Sykes, would have had the right to show the execution of the contract of indemnity by witness Johnson in order to throw light upon the statement of witness Johnson that Sykes had agreed to reimburse him and Galt for the money paid for the stock, when Johnson had testified as defendant Galt's witness that exactly the same contract was made between him and Sykes as was made between Galt and Sykes and at the same time and place.

We see no reversible error in the admission of the said contract in evidence, and the matter having been submitted to the jury, and there being evidence reasonably tending to support the verdict of the jury, and it not appearing that the admission of the contract in question in evidence was prejudicial to the defendant's case, the verdict of the jury and the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Roy J. Elam, Carl Kruse, and Dan Mitchell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Elam, and approved by Mr. Kruse and Mr. Mitchell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.