Mary WALKER and Norman King, as Guardians of the Person and Estate of Leola Pauline Courtney, an Incompetent Person, Plaintiffs,

v.

INTERNATIONAL HARVESTER COMPANY, a corporation, Defendant.

Civ. No. 67-165.

United States District Court
W. D. Oklahoma.

Jan. 9, 1969.

Robert S. Baker, Melvin Pierce, of Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., S. Paul Hazen, Tulsa, Okl., for plaintiffs.

Joseph M. Best, Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the Motion of Plaintiff for Judgment Non Obstante Veredicto and Motion for New Trial, the Court finds that both Motions should be denied.

As to the claim that the verdict of the jury in favor of the Defendant is not supported by legal evidence, the Court finds this claim to be without merit. The theory and evidence of the Plaintiffs was that the Defendant in the manufacture of its truck involved herein failed and neglected to use a safety door latch then in use in the industry; that the impact from the accident involved was light but sufficient to cause the door to open with the type door latch installed; that had the safety door latch been installed, the impact would not have caused the door to open. It was the contention and evidence of the Defendant that the door latch used was proper and conformed with industry practice at that time; that other manufacturers of heavy trucks like the one involved herein used the same door latch at the time; that the impact in the collision was violent in that the truck was struck near the right front door by a car going approximately 40 miles per hour; that the impact was of such force and location that it caused the door to open and that the door would have been forced open had a safety door latch been installed; that the type of door latch on the truck was not the proximate cause of Plaintiff's injuries.

■ The evidence was conflicting as to industry use of the safety door latch at the time of manufacture involved herein on the type of truck involved herein and as to the proximate cause of the opening of the door which resulted in Plaintiff's injuries. The Court was required under the conflicting evidence to submit the case to the jury. It would have been improper and error for the Court to have directed a verdict in the case for either party. Lively v. Davis, 410 P.2d 851 (Okl.1966) at p. 857.

■ As to the Plaintiff's complaint about the impeachment of their witness, the driver of the truck, the Court finds this complaint to be without merit. This witness on direct examination in giving his version regarding Plaintiff's injury testified that at the time of the accident his wife, the Plaintiff's Ward Leola Pauline Courtney, was holding onto the seat and she did not hit any part of the truck. On the day following the accident this witness answered an investigator's questions before a court reporter to the effect that his wife, the Plaintiff's Ward, had been riding along with her hand on the door handle, that it was very possible that this was probably how the door happened to come open and that at the time of the accident she (the Plaintiff's Ward) jerked the door handle and the impact flipped the door open and out she went. On cross examination this witness was asked if his wife had pulled the door handle open. He denied this. He was then asked if he had made the above statements on March 18, 1962, the day following the accident, in answering the investigator's questions. He denied making the statements. Inasmuch as the witness denied making the statements the day following the accident which were clearly contrary to his explanation and version testified to on direct examination as to how Plaintiff's Ward sustained her injuries, it was necessary and proper for the Defendant to produce the court reporter who heard the prior contrary statements made by the witness and who preserved the same. The proper predicate was laid. Kerley Chemical Corp. etc. v. Producers Cotton Oil Co., 2 Ariz.App. 56, 406 P.2d 258 (1965). The court reporter testified from memory to the questions propounded and the answers made by the witness

the day following the accident, precisely the same questions and answers that the witness previously denied. This was relevant impeachment. It was not collateral. It challenged directly the truth of what the witness had testified. Atkinson v. Atchison, Topeka & Santa Fe Ry. Co., 197 F.2d 244 (Tenth Cir.1952). Whereupon, Plaintiff's counsel in the presence of the jury asked to see the transcription of the questions and answers (which he had seen the evening before, and which apparently had been used in the same manner in a prior state court proceeding between the same parties for the same accident which was dismissed by the Plaintiff during the trial) and then requested that the entire transcript be placed in evidence.

■ The request of Plaintiff's counsel made in the presence of the jury to see the transcript was not proper since he had seen and read the entire transcript only the evening before and, in addition, knew or should have known of its previous use in court in an identical manner even though he was not then the attorney for the Plaintiff. This request improperly conveyed to the jury the impression that he had never before seen the transcript which was incorrect. The Plaintiffs cannot complain in this regard since their counsel's request to see the transcript had been previously fulfilled when he was afforded an opportunity to see the transcript and did examine and read the same.

■■ Next, Plaintiff's request that the entire transcript be placed in evidence was properly denied. The author of the answers in the transcript had appeared and testified in person at the trial as a witness for the Plaintiffs. He was examined and cross examined extensively. His testimony as to the details of the accident and the injuries sustained by Plaintiff's Ward was before the jury by personal appearance and testimony. When a witness so appears in person and testifies, it is not proper for a party calling the witness to present his testimony to the jury by means of a previous statement or deposition of the witness. He is there and should be interrogated in person regarding his knowledge of the matter at hand. However, if such witness testifies in person at the trial contrary to what he has stated on a prior occasion, then the opposing party may examine the witness in this regard by way of impeachment. Hill v. Wilson, 127 Okl. 171, 260 P. 4 (1927). But, only that part of a prior statement of the witness which is contrary to his personal testimony at the trial is admissible for impeachment purposes. United States v. Switzer, 252 F.2d 139 (Second Cir.1958); Camps v. New York City Transit Authority, 261 F.2d 320 (Second Cir.1958). At the request and invitation of the Plaintiffs, the Defendant has attached to its Response to the pending Motions a copy of the entire transcript of the questions asked and the answers of the driver of the truck made the day following the accident to the court reporter. An examination of the same conclusively shows that all of the questions and answers which had any relation to the point under impeachment by the Defendant was presented to and was before the jury. All other parts of the transcript were not admissible by either party since they had nothing to do with the wife having her hand on the door handle and opening the door at the time of the accident. All other parts of transcript pertained to matters not being impeached by the Defendant and about which the witness had testified in person before the jury.

■ As to Plaintiff's next claim that the entire transcript should have been admitted in evidence as a part of the res gestae, the same is clearly without merit. A statement made the day following an accident is too remote in time to be considered a res gestae statement. 20 Am.Jur., Evidence, Section 663, pp. 556–557; Section 669, pp. 559–564; Section 670, pp. 564–567.

■ As to Plaintiff's complaint about the Court allowing in evidence a state court Petition previously filed by a

witness presented by the Plaintiffs, namely, the truck driver and husband of the Plaintiff's Ward, said state court Petition involving the same accident as herein and in which case the witness had sued and sought damages against not only the Defendant herein International Harvester Company but two other companies for the loss of his wife's consortium and services and her medical expenses as a result of this accident, the Court finds this complaint to be without merit. This witness presented by the Plaintiffs had testified in support of Plaintiff's case against the Defendant International Harvester Company. This witness by his testimony on direct examination gave his version of the accident and the injuries received by Plaintiff's Ward and in doing so his testimony had the effect of placing the blame for the same on the Defendant International Harvester Company. His testimony was that the impact was very slight, hardly noticeable, and that his wife did not hit any part of the truck which would include the door handle in falling out of the same. Thus, his testimony was in support of the proposition that the door latch installed by the Defendant International Harvester Company was defective in being unable to withstand a very slight impact and that his wife did not open the door. This was the theory of Plaintiffs' case. Previously, in his said state court Petition, this witness had also placed blame for the accident on Ryder Truck Rental, Inc., which owned and rented the truck, for its failure "* * * to maintain the truck in proper working condition, so that the latches, handles, latch mechanisms and doors would operate efficiently, effectively and without malfunction before renting same to * * *" Canada Dry and for failing, "* * * to properly inspect, test and discover the defects in the design, equipment, manufacture and maintenance of said truck and its lack of safety latches and failed to repair, replace or warn against said defects." And, this witness further alleged in said state court Petition that Ryder and Canada Dry Bottling Company of Tulsa, Inc., the third Defendant in his case, both violated Oklahoma Statutes by permitting him to drive the vehicle involved herein while the same was in such an "unsafe condition as to endanger any person" and was not, "* * * in good working order and adjustment as required in this act and said vehicle is in such safe mechanical condition as not to endanger the driver or occupant * * *" thereof. These allegations previously made by the witness were deemed by the Court to be generally contrary to his version of the accident and his wife's injuries, as he had just testified about the same.[1] Pleadings of a party in another action who is a witness in the present action may, when they contain material impeaching his present testimony, be admitted as evidence for the purpose of impeachment. 98 C.J.S. Witnesses § 593b, pp. 573–574.[2] As it is the pleading itself which is admissible, the Petition was admissible in evidence in its entirety. Thus, the Court was of the opinion at the trial and is still of the opinion that the allegations contained in the state court Petition of this witness were generally and fairly contradictory to his testimony and the impression therefrom left with the jury that the responsibility for the accident was the negligence and breach of implied warranty of the Defendant International Harvester Company and no one else. Thus, it is believed that the Petition was properly allowed in evidence in general impeachment of the version of the accident previously testified to by the witness and, in any event, did not result in prejudice to the Plaintiffs and cannot be said to be reversible error.

---

1. A claim of defective maintenance is basically inconsistent with a claim of defective manufacture.

2. This authority states:

    "A witness may generally be discredited by reference to statements in his pleadings, as a party in the same case *or another case*, which are inconsistent with his testimony." (Emphasis ours).

Therefore, finding the complaints raised and briefed by the Plaintiffs to be without merit and believing that the Plaintiffs had a fair trial and being aware of no reason to grant a new trial, both Motions of the Plaintiffs are overruled.