## HUME v. WYAND et al.

No. 9526—Opinion Filed June 25, 1918.

(173 Pac. 813.)

(Syllabus.)

**1. Judgment — Conclusiveness — Validity of Municipal Warrant Indebtedness.**

Where the district court has determined the validity of the warrant indebtedness of a city of the first class under the refunding proceedings provided by law, and has decreed that the funding bonds sought to be issued are valid and issued in strict conformity with said funding law, and no objections or exceptions are made to such determination and decree and no appeal taken therefrom, the decree and judgment is final and conclusive.

**2. Municipal Corporations — Limitation of Indebtedness—Constitutional Provisions.**

Constitutional provisions, such as section 26, art. 10, Williams' Constitution, do not apply to those liabilities which are not voluntarily incurred, but are imposed upon the municipality by the sovereign power, as expressed in the Constitution and the valid acts of the Legislature.

**3. Municipal Corporations—Sale of Refunding Bonds — Injunction — Sufficiency of Petition.**

A petition, in a suit to enjoin the sale of refunding bonds, which merely states in effect that the indebtedness refunded was incurred in violation of section 26, art. 10, Williams' Constitution, and chapter 80 of the Laws of 1910-11, does not state facts sufficient to constitute a cause of action.

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Suit for injunction by W. D. Hume against J. E. Wyand and others. Demurrer to petition sustained, and plaintiff brings error. Affirmed.

William Neff and L. E. Neff, for plaintiff in error.

Chas. A. Moon, City Atty., Stone, Moon & Stewart, John H. Mosier, and Shartel, Dudley & Shartel, for defendants in error.

KANE, J. This is a suit commenced by the plaintiff in error, plaintiff below, as a taxpayer, against the defendants in error, defendants below, for the purpose of enjoining the sale of a lot of refunding bonds of the city of Muskogee issued pursuant to article 3, c. 7, Rev. Laws 1910, and to restrain the defendants from paying any of the proceeds of such sale in extinguishment of the indebtedness sought to be refunded. Upon a demurrer being sustained to the petition of the plaintiff, upon the ground that the same fails to state facts sufficient to constitute a cause of action against said defendants, the plaintiff commenced this proceeding in error for the purpose of reviewing the action of the trial court.

Hereafter, for convenience, the parties will be designated "plaintiff" and "defendants," respectively, as they appeared in the trial court.

The indebtedness refunded consisted of municipal warrants in the sum of $100,000 and a certain judgment against the city of Muskogee in the sum of $16,865.28, which was obtained upon certain due bills issued by the city. The allegations of the petition assailing the validity of the warrant indebtedness are as follows:

"That during the years 1914, 1915, and 1916, illegal warrants were issued in excess of $100,000. That said warrants were issued for expenditures incurred in excess of the income of said city for said years as determined by the excise board and in violation of section 26, art. 10, of the Constitution of Oklahoma, and of chapter 80 of the Laws of 1911, and were given in payment of indebtedness incurred in excess of the estimates for those years approved by the county excise board and for the purpose of making greater expenditures than so allowed."

The allegations of the petition assailing the judgment indebtedness are as follows:

"That in April, 1916, the mayor and council of said city of Muskogee desired to expend further sums and to obtain the same from other sources than the current revenues and income from said city, and that said mayor and council entered into an agreement with the defendant Exchange National Bank of Muskogee, whereby it was agreed that the city of Muskogee would issue instruments in the form of duebills signed by J. E. Wyand, mayor, and Henry Fist, clerk; that said duebills should be taken over by said defendant Exchange National Bank, and should not be paid out of the current revenues and income of said city, but that said Exchange National Bank should bring suit upon said duebills, and the officers of the city of Muskogee should not make any defense to said suit, but would allow said bank to obtain judgment without contest, and that the judgment so obtained

should be paid by the issue of funding bonds. That in pursuance of said agreement duebills were issued in excess of $16,000. That all said duebills were in pursuance of an agreement to incur expenditures in excess of the revenues of said city and in excess of the estimate approved by the county excise board of expenditures allowed for said city for said year. That said duebills were not authorized by law and were issued in violation of section 26 of article 10 of the Constitution of Oklahoma, and in violation of chapter 80 of the Laws of 1911 and were wholly illegal and void."

From the foregoing excerpts taken from the petition, it clearly appears that the plaintiff drew his pleadings upon the theory that the indebtedness refunded by the city would be necessarily violative of section 26, art. 10, of the Constitution, and chapter 80, Sess. Laws of 1910-11, if it appeared that the same was in excess of the income and revenue provided for such year as determined by the excise board. On the other hand, it is contended by counsel for defendants in their brief: (1) That the judgment of the district court ascertaining and determining the existence, character, amount, and validity of the outstanding warrant and judgment indebtedness and authorizing the issuance of funding bonds for the amount thereof is binding and conclusive upon the plaintiff in error as a taxpayer of the city of Muskogee, and therefore the amended petition did not state a cause of action, and the trial court committed no error in sustaining the demurrer thereto; (2) the warrants and judgment indebtedness funded in the funding bond proceedings did not necessarily contravene section 26, art. 10, of the Constitution, because in excess of the limitations therein named, under the rule recently announced by the Supreme Court in Smartt, Sheriff, v. Bd. Co. Com'rs, 67 Okla. 142, 169 Pac. 1101.

We think both of these contentions are well taken. The first contenion finds support in State ex rel. Bd. Education, Oklahoma City, v. West, Attorney General, 29 Okla. 503, 118 Pac. 146, wherein it was held:

"Where the district court has determined the validity of the warrant indebtedness of a school board under the refunding proceedings provided for by law, and has decreed that the funding bonds sought to be issued are valid and issued in strict conformity with said funding law, and no objections or exceptions are made to such determination and decree and no appeal taken therefrom, the decree and judgment is final and conclusive."

In further discussing the similar proposition presented for consideration in that case, the court said:

"Every step essential to a contested litigation is provided. The parties to that litigation are the officers of the district or municipality who seek to exercise the power to issue the bonds on the one hand, and the taxpayers and inhabitants of the municipality on the other. The inhabitants and taxpayers are the members of the corporation, the officers are the duly chosen official representatives of the corporation, and the corporation itself is but an instrumentality of the state for the transaction of public business. When a judgment in such a proceeding is rendered, it necessarily binds and concludes all these. The hearing is had before the court which exercises the judicial authority of the state, and the judgment rendered in the proceeding is a judgment by the state that its instrumentality and the chosen officers and representatives thereof are acting according to law, and that the warrant indebtedness sought to be funded is valid; that the bonds proposed to be issued, signed, and attested by the court are the valid and binding obligations of the municipality; and that they are issued with the final sanction of a judgment of a competent court which has decided every question in relation to their validity."

As supporting this reasoning, Territory v. Hopkins, 9 Okla. 133, 59 Pac. 976, and Bd. Co. Com'rs Day County v. State of Kansas, 19 Okla. 375, 91 Pac. 699, are cited. But waiving the finality of the judgment of the district court in the refunding proceeding, we are still of the opinion that the petition does not state facts sufficient to constitute a cause of action. It may be that under the general rule announced in Re Town of Afton, 43 Okla. 720, 144 Pac. 184, L. R. A. 1915D, 978, as to the effect of section 26, art. 10, of the Constitution, in relation to the creation of municipal indebtedness the general allegations of the petition would be held to be sufficient to state a cause of action, as that opinion seems to justify the assumption that there are no limitations upon the sweeping language of the sections of the Constitution and statutes involved. An examination of the later case (Smartt, Sheriff, v. Bd. Co. Com'rs, supra) discloses, however, that there are many classes of municipal indebtedness which are not affected by the sections of the Constitution and statutes referred to. The net result of the principal case and the authorities followed therein is that constitutional provisions such as section 26, art. 10, supra, do not apply to those liabilities which are not voluntarily incurred, but are imposed upon the municipality by the sovereign power, as expressed in the Constitution or the valid acts of the Legislature.

The petition in the case at bar does not disclose whether the funded indebtedness was within or without this limitation. In these circumstances, we agree with counsel for defendants that the warrant and judgment indebtedness embraced in the funding bond proceedings may not have been illegal and void under section 26, art. 10, of the Constitution, and the court would have been justified in holding as it did even though the objection now made, as stated in plaintiff's petition, had been urged in the refunding proceeding.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.