### THACKER v. ROSS et al.

No. 15029—Opinion Filed Dec. 16, 1924.

**1. Pleading—Sufficiency—Formal Title Disregarded.**

In determining the sufficiency of a pleading this court will disregard the mere formal title attached to it, and will consider only the language used in the body of the pleading in order to reach a conclusion as to its legal effects.

**2. Same—Sufficiency of Petition as a Whole.**

In considering the sufficiency of a petition against a general demurrer, no one particular fact or circumstance alleged should be singled out and made the basis of the action, but all the facts and circumstances alleged and the reasonable inferences to be drawn therefrom should be considered as one connected whole.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County.

Action by Mrs. J. E. Thacker against R. Stewart Ross and Everett H. Price for recovery of damages. Judgment for defendants. Plaintiff brings error. Reversed.

V. J. Bodovitz, for plaintiff in error.

Suits & Hall, for defendants in error.

*Opinion by* THOMPSON, C. This action was commenced in the district court of Oklahoma county by Mrs. J. E. Thacker, plaintiff in error, plaintiff below, against R. Stewart Ross and Everett H. Price, defendants in error, defendants below, for recovery of $10,042.80, damages.

The parties will be referred to as plaintiff and defendants as they appeared in the lower court.

To the petition, first amended petition, and second amended petition, demurrers were filed by defendants and sustained by the court.

The plaintiff then filed a third amended petition to which the defendants filed motion to separately state and number the causes of action, which was by the court sustained. Plaintiff then filed her fourth amended petition, the first cause of action being as follows:

"That at all times hereinafter mentioned the defendants R. Stewart Ross and Everett H. Price were copartners doing business as dentists in the city of Oklahoma City, Okla., under the firm name and style of 'Ross and Price' and holding themselves out as first-class and qualified dentists and practicing as such dentists in the city of Oklahoma City, Okla.

"That on or about the 28th day of April, 1923, plaintiff went to the offices of the defendants for the purpose of having her teeth examined, cleaned and filled. That on said day defendants, Ross and Price, as such dentists acting through Ross, undertook faithfully and skillfully and diligently to do the necessary work to relieve said plaintiff and to correct the condition of said plaintiff's teeth, being employed and retained by plaintiff to perform said work on her teeth.

"That said defendants not regarding their duty in the premises conducted themselves in and about their endeavoring to fix said plaintiff's teeth so unskillfully, negligently, carelessly and unprofessionally that by reason of the improper care and treatment and unskilled and negligent conduct of the defendants in and about the filling and caring for said plaintiff's teeth, and by reason of the improper use of the implements, to wit, an emery wheel used in the grinding of teeth for the purpose of preparing same for filling, the said defendants, acting by and through their copartner, Ross, negligently and carelessly failed to pay the proper attention and care necessitated in said work and instead of using said emery wheel to grind plaintiff's teeth and prepare same for filling, which said emery wheel was a dangerous instrument when not properly used as herein set forth, did negligently and carelessly grind said plaintiff's tongue, which they had not been employed to do, thereby causing said plaintiff's tongue to be injured, cut and lacerated; that said plaintiff was without fault and in no wise and in no manner contributed to said defendants' improper, negligent and careless use of said emery wheel.

"That by reason of the lack of care and failure to properly perform the services for which they were employed and the careless and negligent cutting of plaintiff's tongue by said emery wheel the plaintiff suffered great physical pain and anguish; and said incision has left a noticeable scar; and an im-

pediment in her speech to her great mental pain, suffering and embarrassment; that plaintiff was forced to remain from work ten days to her damage of $31.80; and to expend money for medical treatment $9.00; and medicine $2; and physical pain and mental anguish to her damage of $10,000, all because of the wrongful and negligent acts of defendants as hereinbefore set out."

The second cause of action was dismissed by plaintiff on her own motion.

To the first cause of action above the defendants filed motion to strike and dismiss on the grounds that demurrers had been sustained to the original and amended petitions theretofore filed, and that the last amended petition alleged the same cause of action without any additional allegations being made, and the same made no material change in form or circumstances from the original petition and amended petitions, and that the same was frivolous and had been theretofore adjudged by the court insufficient to constitute a cause of action against the defendants or either of them.

The cause comes to this court by transcript and attorneys for defendants in their brief urge that this court has no jurisdiction to hear and determine this cause on appeal, and ask that the appeal be dismissed. This court, by its order of January 19, 1924, denied the motion of defendants to dismiss, and therefore this question has been settled heretofore by order of this court.

The attorneys for plaintiff urge as grounds for reversal that the court erred in sustaining the motion of defendants to strike the cause of action set up in plaintiff's last amended petition and that the motion to strike in this cause was, in legal effect, a demurrer. The court, in passing upon the motion to dismiss the appeal, evidently considered the motion to strike as a demurrer, and we will so treat it here. We cannot agree with counsel for defendants that the plaintiff and her attorneys were guilty of violating any order of court or in any manner trifling with the court, but that they were complying with the last order of the court, which sustained the motion of defendants, requiring plaintiff to separately state and number her causes of action, and upon complying with this order the defendants filed their motion to strike the first cause of action and their answer to the second cause of action. Defendants, by filing answer to the second cause of action, evidently did not consider the petition frivolous. The question then presents itself whether the petition stated a cause of action in favor of the plaintiff and against the defendants in her first cause of action.

If the petition states any fact, or facts, which with all the reasonable and natural inferences to be drawn therefrom to entitle the plaintiff to any relief claimed by her, the pleading, which we will consider as a demurrer for the purpose of this action, should be overruled. New et al. v. Stout, 98 Okla. 177, 224 Pac. 519, and the authorities therein cited.

The petition alleges a copartnership under the name and style of "Ross and Price," and that they were holding themselves out as first-class and qualified dentists in Oklahoma City, Okla.; that plaintiff sought and employed them as such dentists for the purpose of having her teeth cleaned, examined and filled; that they undertook to perform the services faithfully, skillfully and diligently; that, in the performance of the services contracted for, they carelessly and negligently injured, ground, and lacerated plaintiff's tongue by the use of an emery wheel, and without any fault on her part; that said wound caused a scar on her tongue and an impediment in her speech, and that she suffered great mental pain and embarrassment, and sued for loss of time, medicine and medical treatment, and for damages for physical pain and mental anguish.

After a careful examination of the petition and the amended petitions, we are of the opinion that the allegations contained in the amended petitions stated a good cause of action in favor of the plaintiff and against the defendants, and was sufficient statement of the facts, upon which the plaintiff relied, for recovery, and that the court committed reversible error in sustaining the motion to dismiss in this action and that the motion to dismiss should be and is treated here as a demurrer.

It is, therefore, our opinion that the judgment should be reversed, with instructions to the lower court to overrule the motion of the defendants to strike and dismiss the first cause of action of plaintiff in this cause.

By the Court: It is so ordered.