## SCHULTE v. BOARD OF COUNTY COM'RS, PONTOTOC CO.

No. 16352—Opinion Filed March 30, 1926.

Rehearing Denied March 1, 1927.

(Syllabus.)

1. Counties—Duties of County Attorney— Invalidity of Contract by County for Legal Services in Issuance of Township Road Bonds.

The laws of this state provide that it is the duty of the county attorney to conduct legal proceedings in behalf of a county, and it is the duty of such county attorney to advise and assist the board of county commissioners where they act for and on behalf of a township within the county in the issuance of road improvement bonds; and a contract with an attorney for legal services in connection therewith, to be performed independently of the county attorney, is ultra vires and void.

**2. Counties—Validity of Claims—Statutory Basis.**

One who demands payment of a claim against a county or a municipal subdivision thereof must show some statute authorizing it, or that it arises from some contract, expressed or implied, which finds authority of law. It is not sufficient that the services performed, or which payment was demanded, are beneficial.

**3. Appeal and Error—Sufficiency of Evidence—Conclusiveness of Findings in Law Action.**

In law actions, where a cause is tried to the court without a jury, the finding of the court on questions of fact has the same force and effect as the verdict of a jury, and such finding will not be disturbed on appeal where there is evidence tending reasonably to support the same.

Error from District Court, Pontotoc County; Porter Newman, Assigned Judge.

Action by W. F. Schulte against the Board of County Commissioners of the County o Pontotoc, State of Oklahoma, as ex officio trustee of Francis and Allen Townships Pontotoc County, Okla. Judgment for defendants, and plaintiff appeals. Affirmed.

W. F. Schulte, pro se.

J. W. Dean, Co. Atty., of Pontotoc County, for defendant in error.

PHELPS, J. The parties hereto will be referred to as they appeared in the trial court.

W. F. Schulte, the plaintiff, filed two claims with the board of county commissioners o. Pontotoc county, one for $1,200 and one for $1 325, which amounts he claimed to be due him for legal services performed in behalf of Francis township and Allen township in Pontotoc county in the issuance of certain road improvement bonds. The claims were both disallowed, and Schulte appealed to the district court of Pontotoc county, where the case was tried to the court without a jury, resulting in a judgment for defendants. to reverse which this appeal is prosecuted

It is contended by plaintiff that, as the bond issues, in behalf of which the legal services are alleged to have been performed, were supervised by the board of county commissioners on behalf of the two townships issuing the bonds, the board of county commissioners was the agent or trustee for the townships, and that the board, having accepted the services of plaintiff, was obligated to compensate him for such services out of the proceeds of the sale of the bond issues. It is admitted by the plaintiff that there was not a complete contract express

in its terms, employing the plaintiff to handle the bond proceedings and distinctly fixing the amount that he was to be paid for such services. However, it appears from the record that plaintiff's claim to have performed valuable services in connection with the bond issues or the reasonableness of the compensation claimed for such services is not disputed or questioned, but in the trial of the case each of the three members of the board of county commissioners denied that they had employed the plaintiff, while the plaintiff maintained that he was so employed. The only written evidence of such employment was a notation in the commissioners' proceedings as follows:

"Petitions were presented, signed by several citizens of Francis township and Allen township, asking the board to let Mr. W. F. Schulte o. Ada prepare all papers and conduct all legal proceedings pertaining to the bond elections of the said townships. And inasmuch as the board of county commissioners and the county clerk had been advised by Mr. Schulte on the law pertaining to this matter and the proceedings pertaining to said elections had been examined and approved by him, the request was granted."

The evidence is decidedly conflicting as to just what the negotiations were between the plaintiff and defendant, but apparently the trial court disposed of the case upon the authority of Honnold v. Board of Com'rs of Carter County, 71 Okla. 71, 177 Pac. 71. In that case a proposition was made by Honnold and accepted by the board of county commissioners that Honnold should conduct the legal proceedings to reduce certain outstanding claims and warrants against the county to judgments, and, under the authorization of the district court, have funding bonds issued covering the same and buy the bonds at par. Bonds in the sum of $46,000 were issued, but were sold to another person, and it appears that they were worth $1.10 and Honnold brought suit on his contract with the board of county commissioners for the sum o. $4,600 and this court held that, inasmuch as the law makes it the duty of the county attorney to render such services as were performed by Honnold, the contract with Honnold was ultra vires and void, and that he could not recover thereon. Plaintiff in this case, however, contends that the rule laid down by this court in that case is not applicable here, for the reason that there the whole county was interested, and that the law required the county attorney to perform the legal services necessary for the guidance of the county commissioners with relation to the bond issue, but that no such obligation rests upon the county at-

torney where the township—a mere subdivision of the county—is so interested; it being his further contention that, as section 10996, Comp. Stats. 1921, abolished the officers of township trustee, township clerk, and township treasurer and transferred the duties devolving upon them to the board of county commissioners, leaving the laws affecting townships in tact to be administered by the board of county commissioners, that in the proceedings leading up to and culminating in the bond issues the county commissioners were merely acting as trustees for the townships, and that the rule laid down in Honnold v. Board of County Commissioners. supra, imposed no obligation or limitation upon them in the discharge of their duties as such trustees.

In support of this contention plaintiff cites section 5743, Comp. Stats. 1921, reading as follows:

"The county attorney shall give opinion and advice to the board of county commissioners and other civil officers, of his county, when requested by such board or officers upon all matters in which the county is interested, or relating to the duties of such board or officers in which the state or county may have interest"

—and contends that, because the townships, and not the county or state, was the interested party, the authority of the board to employ counsel was not limited by the rule laid down in Honnold v. Board of County Commissioners, supra, and as supporting this contention he cites Board of County Commissioners of Lincoln County v. Robertson, 35 Okla. 616 130 Pac. 947, wherein a controversy arose over the payment of an attorney's fee to J. B. A. Robertson for services performed as attorney in connection with a drainage district in Lincoln county, and this court held that he was entitled to recover a fee for his services therein; but, as we view it, this authority does not support plaintiff's contention, because in the opinion in that case the court said:

"A drainage district is a separate, independent, and distinct entity from the county i'self: it is not brought into existence or created for the purpose of either county. township. or any other species of municipal government."

In that case the drainage district was formed primarily for the benefit of the property owners whose lands were affected, and not for any governmental function. which presents a vastly different state of facts from the case at bar, where the road improvement bonds were intended for the benefit of the public in those particular townships.

Plaintiff claims that under section 10940, Comp. Stats. 1921, providing that:

"Each organized township shall be a body politic and corporate, and in its proper name may sue and be sued, and may appoint by its proper officers all necessary agents and attorneys in that behalf, and may make all contracts that may be necessary and convenient for the exercise of its corporate powers"

—he would be entitled to the compensation claimed; but even if it were admitted that this section of the statute is sufficiently broad to justify the board of county commissioners in making a contract to pay him for the services rendered, even then the board of county commissioners would necessarily be the "proper officers" through whom the organized township must act, and the question as to whether or not a contract by implication was made was properly submitted to the trial court and decided adverse y to plaintiff's contention, and under the well-settled law of this state providing that in law actions the. verdict of the jury or finding of the court on questions of act will not be disturbed on appeal if there is any competent evidence reasonably tending to support such verdict or finding, this court will not give plaintiff the relief he seeks. In reaching the conclusion, however, that the judgment of the trial court must be affirmed, we deem it not inappropriate to suggest that the record discloses a state of facts very persuasive in behalf of plaintiff's claim. Representative citizens of both the townships involved very generously signed petitions to the board of county commissioners requesting them to allow the plaintiff to prepare the papers and oversee the proceedings, and the trial court found—

"That the plaintiff has rendered valuable services in the issuance of these bonds and straightening out the record, and that he ought to be paid by somebody."

But the members of the board of county commissioners testified that they did not employ plaintiff, but. on the contrary, looked to the county attorney for legal guidance in the discharge of their duties in connection with these bond issues. This evidence was given over the objection of plaintiff, but properly admitted, as we view it.

Defendants further brie and rely upon the proposition that, even though plaintiff should establish a legal contract, he could not recover, for the reason that no estimate was fixed or levy made to provide for the fee claimed; but. as we understand it, plaintiff contends that he was entitled to be paid his compensation out of the proceeds of the

bond sale, and it is unnecessary to dispose of defendant latter contention here.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 15 C. J. p. 548 §239 (Anno), 18 C. J. pp. 1306. 1309 (Anno) §32. (2) 15 C. J. p. 562 §264. (3) 4 C. J. pp. 876, 879, §2853.