## FLOOD v. TOWN OF SHIDLER.

No. 17710.     Opinion Filed Oct. 18, 1927.

(Syllabus.)

1. **Municipal Corporations—Dealings With Municipality With Notice of Limitation of Powers.**

Whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed they do so at their peril.

2. **Same—Constitutional Limitation of Indebtedness.**

The intention and plain purpose of section 26, art. 10, of the Constitution, is to require municipalities to carry on their corporate operations upon the cash or pay as you go plan. The revenues of each year must take

care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided.

### 3. Same—Contract for Engineering Services as Creating Present Indebtedness and Void for Lack of Funds on Hand or Provided for.

On the 5th day of May, 1923, the board of trustees of the town of Shidler entered into a contract with F. to act as official engineer of said town for a period of two years, whereby he was to perform all engineering services, prepare all necessary plans, specifications, profiles, etc., and make all inspections necessary in carrying out all contracts which said town should enter into during said period of employment which required such services, for which he was to be paid 5 per cent. of the total sum expended by said town in such construction. No funds were on hand or provided to defray such expenses. Afterwards, bonds to provide funds for the construction of a water works system were voted. F., who had theretofore prepared preliminary plans and specifications for said water works system, offered his further services as an engineer, as provided in said contract, but the same were refused and the town employed another engineer. Held, said contract created a present indebtedness against the town and was, therefore, in conflict with section 26, art. 10, of the Constitution, and void.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Ray Flood against the Town of Shidler. Judgment for defendant, and plaintiff appeals. Affirmed.

Hughes, Foster & Ellinghausen, for plaintiff in error.

Holcombe & Lohman, for defendant in error.

MASON, V. C. J. The plaintiff in error, Ray Flood, commenced this action to recover of the town of Shidler the sum of $6,250 for services, as a civil engineer, alleged to have been rendered said town pursuant to a written contract, dated May 5, 1923, which was attached to his petition and which he alleges was entered into between the town of Shidler, acting through the chairman of its board of trustees, and the plaintiff.

Briefly summarized, said contract provided: That the town of Shidler employed the plaintiff as official engineer of said town for a period of two years from date of said contract; that plaintiff agreed to perform all engineering services necessary to the completion and carrying out of all contracts which said town should enter into during said period of employment; draw up and prepare all necessary plans, specifications, profiles, etc., and make all inspections necessary to the proper execution and completion of said contracts.

Under the contract, the plaintiff was to receive the sum of 5 per cent. of the direct cost to said town in carrying out said contracts for improvements or constructions entered into at any time during said period of employment.

Plaintiff further alleged that after the contract was entered into, and on or about the 15th of January, 1924, the town of Shidler, through its board of trustees, submitted to the voters of said town the proposition of issuing bonds in the sum of $125,000 to secure funds for the purpose of constructing a water works system in said town; that said bond issue carried and said bonds were issued and that said board of trustees entered into a contract for the construction of said water works in said town for the contract price of $125,000.

It is further alleged that the plaintiff entered upon his duties, made certain profiles, plans, specifications, and estimates and did the preliminary work necessary for the construction of said water works, but that the defendant, without any cause or excuse, and contrary to the terms of said contract, employed other engineers to perform the remainder of said work and failed and refused to permit the plaintiff to continue said work; that on account of said acts of the defendant, and under the terms of said contract, the plaintiff was entitled to the sum of 5 per cent. of the $125,000, or $6,250.

For answer, the defendant, among other things, alleged that on the date said contract was entered into, the town of Shidler was without any funds whatever for the payment of the indebtedness purporting to have been incurred by said alleged contract and that none had been provided therefor, and that said alleged contract and the indebtedness alleged to have been incurred thereby was not authorized by the voters of said town in an election called and held for that purpose, and that, therefore, the contract relied on by the plaintiff as a basis for this suit was invalid, because made without authority of law and in contravention of the Constitution and laws of this state.

Defendant further alleged that the election alleged by plaintiff to have been held on January 15, 1924, following the date of plain-

tiff's contract, for the purpose of issuing the negotiable bonds of said town in the sum of $125,000 for the purpose of constructing a water works system, was void and conferred no authority upon said town to issue said bonds or construct said water works system. Defendant also pleaded all the issues and proceedings had in a certain action which was filed in the district court of Osage county by W. E. Hall and others, as resident taxpayers of said town, against the board of trustees and other officers of said town to enjoin them from executing, attesting, selling, and delivering said bonds. It was also further alleged that said action had been adjudicated in the district court against the contention of the plaintiffs therein, but that they had perfected an appeal to the Supreme Court.

Upon trial of the issues thus presented, wherein both parties introduced evidence, the trial court rendered judgment in favor of the defendant, and the plaintiff has perfected his appeal to this court.

Counsel for plaintiff in error, in their brief, say that the case was decided by the district court wholly on the proposition that the contract entered into on the 5th day of May, 1923, created an indebtedness in excess of the limit as provided in section 26, art. 10, of the Constitution of Oklahoma, and was, therefore, void. Counsel contend that said judgment is erroneous for the following reasons:

(1) That the contract made on the 5th day of May, 1923, was a contract appointing the plaintiff as city engineer for the city of Shidler, and under the law the city had a right to appoint a city engineer.

(2) That if the city had a right to appoint an engineer, then it had the authority to provide for his compensation.

(3) That the contract made on the 5th day of May, 1923, did not create any present indebtedness whatsoever, but appointed the plaintiff as city engineer and provided for his compensation in case any work was done.

(4) That the services for which this action is brought were performed under the contract and after the people had voted bonds, and that city council cannot, therefore, refuse to pay under the terms of the contract.

The record discloses, and it is admitted by both parties, that at the time of the execution of the contract relied upon by the plaintiff no funds were on hand or provided to compensate an engineer under such a contract. Section 26, art. 10, of the Constitution of Oklahoma provides:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose, nor in cases requiring such assent shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness: provided, that any county, city, town, township, school district, or other political corporation, or subdivision of the state, incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same."

It is apparent that the contract sued on, if its effect was to incur a present obligation or indebtedness against the defendant, was void, because there were no funds on hand or legally levied out of which any payment could have been made on it; and no vote of the electors had authorized the creation of such obligation or indebtedness as required by the Constitution.

Counsel for plaintiff, however, seek to take this contract from under the operation of the Constitution, which, if applicable to it at the time of its execution, destroys it, by the claim that under the terms of the contract no particular work was contracted for, and that it took some action on behalf of the city in order to create any liability under this contract: the contention being that because of that provision the contract was not enforceable until after the bond funds were received; that, therefore, at the time of making the contract no indebtedness was incurred, because there was no present obligation to pay; and that the indebtedness arose, in law, when the bond funds were received, and, therefore, at a time when the indebtedness could be enforced.

This same contention was made in the case of O'Neil Engineering Company v. Incorporated Town of Ryan, 32 Okla. 738, 124 Pac. 19, which presented a much stronger case in favor of the losing party than does the

case at bar in favor of the plaintiff. In that case the board of trustees of the town of Ryan, having in contemplation the construction of a system of water works and sewers and a light plant, to be afterwards submitted to the voters of the town for their adoption, by voting a bond issue for that purpose, on November 30, 1908, entered into a contract with the O'Neil Engineering Company for it to prepare and furnish plans and specifications therefor, with an estimate of the cost of construction, and, after the bonds were voted, to superintend the construction and do certain work to be paid for as stipulated in the contract; the contract further providing that nothing should be due and payable until the bonds had been voted, sold, and paid for. On June 15, 1909, the bond issue was authorized by the voters of the town, but the board of trustees repudiated its contract with said engineering company and did not permit said company to perform said contract on its part. The engineering company commenced an action against the town on said contract, which resulted in a judgment for the defendant.

This court, in affirming the judgment of the district court in favor of the defendant town of Ryan, announced the following rules in the 1st and 2nd paragraphs of the syllabus:

"Whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed they do so at their peril.

"The intention and plain purpose of section 26, art. 10, of the Constitution, is to require municipalities to carry on their corporate operations upon the cash or pay as you go plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided."

In the body of the opinion, Mr. Justice Brewer used the following language:

"We think the contract in this case attempted to impose a present obligation and liability upon defendant, notwithstanding the contingency as to payments to be made thereunder. So far as the city officers were concerned, nothing further was to be done by them. No option of any kind was to be exercised by them. The contract was not to be, and was not, submitted to the voters. It was plainly and manifestly the purpose and plan of the parties to anticipate the action

of the voters—let the plaintiff in on the 'ground floor'—and in effect appropriate and expend the funds before they were provided. It would certainly be unfortunate, were we compelled to sustain the contention made by plaintiff. If the agents of this town could effectually dispose of $6,500 of this fund before it was authorized by an evasion of the restrictions of the Constitution, by the mere use of words, then they could, under the same doctrine, have contracted the expenditure of the entire $69,000 months before any authority was given to provide the funds. To hold so would mean that hereafter every corporate expenditure, dependent upon a vote of funds, would be contracted away to enterprising concerns months, and, perhaps, years, before the funds were voted. * * * This ought not and must not be permitted. It is contrary to the real intent of the provision discussed, and to the spirit and policy running through the entire Constitution."

From the foregoing, we must conclude that the contract sued on by the plaintiff herein was in conflict with the provisions of section 26, art. 10, of the Constitution of Oklahoma, and was void and unenforceable.

The judgment of the trial court must be affirmed for another reason. Counsel for defendant in error have filed a supplemental brief wherein our attention is called to the fact that the case of Hall et al. v. Turner, referred to in the answer of the defendant in the trial court, has been finally disposed of by this court on appeal. See Hall et al. v. Turner et al., No. 15809, 125 Okla. 248, 257 Pac. 328.

In that opinion we reach the conclusion that the election of January 15, 1924, authorizing the issuance by the defendant, town of Shidler, of bonds in the sum of $125,000, was void, and the trial court was directed to enter an order enjoining the officers of said town from selling and disposing of said bonds.

The contract sued on in the case at bar provides that the plaintiff shall receive "5 per cent. of the total cost to said city in carrying out said contracts for improvements or construction, entered into at any time during said period of employment."

It is thus apparent that when said bond issue was held invalid, the board of trustees of the town of Shidler could not proceed with the construction or purchase of said water works system, and, under the above provision of said contract, the plaintiff would have no valid claim against the defendant town of Shidler.

The other questions presented by the plaintiff in error might be conceded as being correct, yet we must conclude from the fore-

going that the judgment of the trial court should be, and the same is affirmed.

BRANSON, C. J., and HARRISON, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 22 C. J. p. 148, §85; 28 Cyc. pp. 649, 1541, 1561; 19 R. C. L. p. 1666; 3 R. C. L. Supp. p. 992; 4 R. C. L. Supp p. 1305; 5 R. C. L. Supp. p. 1056; 6 R. C. L. Supp. p. 1157. (2) 28 Cyc. pp. 1538, 1540, 1560; anno. 37 L R. A. (N. S.) 1060; 19 R. C. L. p. 978; 3 R. C. L. Supp. p 989; 6 R. C. L. Supp. p. 1152. (3) 28 Cyc. p. 1541.