## INCORPORATED TOWN OF JENKS v. PRATT et al.

No. 18796. Opinion Filed Jan. 29, 1929.

Rehearing Denied June 18, 1929.

A. E. Montgomery, for plaintiff in error.

Louis W. Pratt and J. M. Springer, for defendants in error.

LEACH, C. Louis W. Pratt and James M. Springer filed this action against the Incorporated Town of Jenks, Okla., alleging in their petition that, on June 28, 1921, Louis W. Pratt was employed by the board of trustees of said town as an attorney to render professional services in attacking a certain fraudulent judgment in the sum of $11,443, recovered on September 27, 1920, by Dougherty-Nichols Construction Company against the town; that pursuant to said contract of employment, the plaintiff prosecuted appropriate legal actions which resulted in the judgment being vacated and set aside and the county excise board restrained from making a levy to pay the same. Thereafter the case in which the judgment had been vacated was tried upon its merits and judgment entered therein in favor of the town, from which an appeal was taken to the Supreme Court, where the judgment was affirmed and the action finally disposed of on December 2, 1925; that during the pendency of such action in the Supreme Court, the plaintiffs Pratt and Springer entered into a law partnership, and thereafter they jointly represented the town in such suit.

The petition further alleges:

"That the services rendered by the plaintiffs above named to the defendant were duly authorized by the president and board of trustees of said defendant, and were necessary to protect the defendant against the exaction of a claim for labor performed

and materials furnished under an alleged contract or authorization by the trustees of said town, which said contract was in violation of the Constitution of the state, and that the services rendered as aforesaid were reasonably worth the sum of $3,334.30 or 25 per cent. of the amount saved to said defendant. * * * That the employment of plaintiffs in said cause was rendered necessary by the recovery of said judgment against defendant, and that the board of trustees of said town were without authority in law to enter into any contract for the remuneration, in any specific sum of the plaintiffs for their services"

—and prayed for judgment.

The town of Jenks filed motion to make the petition more definite and certain, also presented a demurrer to the petition. It is stated among the several grounds of demurrer "that the petition does not state sufficient facts to constitute a cause of action in favor of the plaintiff," which motion and demurrer were each overruled with exceptions. The defendant filed its answer, and after setting up a general denial, alleged in substance that the contract of employment and services sought to be recovered for were in violation of section 26, art. 10, of the Constitution, because at the time said contract was made and entered into the defendant was without revenue and funds out of which the contemplated expense should be paid; that there was no appropriation available to pay the same; that the claim attempted to create an indebtedness in excess of five per cent. of the assessed valuation of the town; and that there had been no vote of the people of said town authorizing the contract, or the incurring of the indebtedness alleged in the petition.

The answer further alleged that if defendant entered into any contract of employment with Louis W. Pratt touching the subject-matter set out in the petition, it paid plaintiff the sum of $250 on July 9, 1921, in full for the services rendered. The defendant entered into a contract of employment with plaintiff Pratt, by the terms of which defendant paid him the sum of $250, which is all that he is entitled to, as shown by a copy of the contract attached; that to the extent said contract exceeds the sum of $250 for any services rendered or referred to therein, the same is void, irregular, and of no effect, for the reasons and upon the grounds mentioned in the answer. The copy of the contract referred to in the answer appears to be a resolution signed by the town board, and recites in substance that Louis Pratt, attorney, is hereby retained and employed as attorney for the municipality to prosecute such actions as may be necessary to enforce the collection of moneys unlawfully paid, or fraudulently secured by the contractors and others, charged in the report of a certain named accountant, and the vacation of a judgment recovered against the town for the sum of $11,311; that the terms of employment of said attorney as to compensation be:

"The board is to pay a retainer of $250 and such actual cash disbursement as may be necessarily incurred by said attorney, and to pay the further sum of ten per cent. of the amount recovered by the defendant in such action or actions in favor of the city."

The record discloses and shows that the sum of $250 was paid the attorney by town warrant. The plaintiffs Springer and Pratt filed motion to strike all that part of the answer wherein it was alleged there were no funds or appropriation available or authorized to pay plaintiffs' claim and no vote of the electors authorizing the employment, which motion was sustained.

Trial was had before a jury, who found in favor of the plaintiffs for the amount sued for, and after unsuccessful motion for a new trial defendant brings the cause here for review.

Defendants in error filed a motion to dismiss the appeal on the grounds that the defendant, the town, failed to enter into the bond provided for by section 2, chapter 106, of the Session Laws of 1925, or a supersedeas bond, and present argument in their brief in support of such motion. We find the motion to dismiss has heretofore been denied by the court, and we see no need to again discuss or pass on the same.

Under the following decisions, we are not necessarily required to again consider the motion. Quincy Showcase Works v. Briscoe, 126 Okla. 144, 259 Pac. 128; Thacker v. Ross, 105 Okla. 99, 231 Pac. 1060; Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965.

Thirty-eight assignments of error are set out in petition in error as grounds for reversal of the judgment entered, but they are presented and argued under two propositions, the substance of which are:

"(1) That the judgment is void, being based upon an illegal and invalid contract for the reason that it creates a voluntary contractual indebtedness in excess of the limits upon incorporated cities and towns as provided by section 26, art. 10, of the Constitution, without having received the requisite three-fifths of the votes of the town.

"(2) Plaintiff's claim and the judgment are based upon a contractual obligation voluntarily created, and the rule of involuntary liabilities imposed by the Constitution has no application thereto."

Plaintiff in error, defendant below, calls attention to the provisions of chapter 106, Session Laws 1925, which prohibits a court from rendering any judgment against municipalities except upon submission of certain proofs respecting the indebtedness and funds of the municipality, and says such law was not complied with in the instant case.

In view of our further holding herein, we do not find it necessary to discuss the law referred to, or its effect when applied to the facts in the instant case, but it appears the intent and purpose of such act was to give force and effect to and is in accord with the provisions of section 26, art. 10, of the Constitution.

It is not denied and is apparent that the plaintiffs rendered efficient and valuable services as attorneys in behalf of the town in vacating the judgment and defending the action as alleged, but such fact alone is not sufficient to warrant a recovery, as was so stated in the case of Schulte v. Board of County Commissioners, 122 Okla. 205, 253 Pac. 494, which involved recovery of attorneys fees, the second paragraph of the syllabus therein being:

"One who demands payment of a claim against a county or a municipal subdivision thereof must show some statute authorizing it, or that it arises from some contract, expressed or implied, which finds authority of law. It is not sufficient that the services performed, for which payment was demanded, are beneficial."

It is the contention and argument of the defendants in error that the limitation imposed by section 26, of art. 10 of the Constitution does not apply to those liabilities which are not voluntarily incurred by the municipality, and when the compensation claimed, as in the case at bar, was earned in the performance of a duty imposed upon the trustees of the town by the Constitution and laws.

Under such proposition, it is argued that the law imposed the specific duty upon the trustees of the town to defend against the collection of the particular judgment; that the power given to a municipality to sue and be sued (section 4510, C. O. S. 1921) carries with it the authority to do anything necessary to make the power so granted effective. M., O. & G. Ry. Co. v. State, 29 Okla. 640, 119 Pac. 117. Conceding that such argument is correct, we fail to see, under the facts in the case at bar, wherein it would be necessary to go beyond the plain provisions of the Constitution and statutory provisions of law in order that the town might avail itself of the right to sue and be sued and to defend itself in legal proceedings. The granting of such power to a municipality or its use does not nullify or require a violation of other provisions of the statutes limiting the incurring of indebtedness and expenditure of funds by the municipality.

Defendant in error further contends that the town of Jenks was organized under the laws of the state of Arkansas, and when the town became a part of this state, it continued, as provided by the Constitution, with all its rights and power to sue and be sued. No authority is cited to show why the town would have any different or special power or right or exemptions accorded it than other towns within the state, and we fail to observe any.

Defendants in error say the instant case comes within the rule and conclusions laid down by this court in the cases of Smartt, Sheriff, v. Board of County Com'rs of Craig County, 67 Okla. 141, 169 Pac. 1101, and Hume v. Wyand, 68 Okla. 261, 173 Pac. 813.

An examination of those cases clearly discloses that the rule there announced and applied is not applicable to the state of facts disclosed by the record in the instant case. The plaintiffs in the instant case were under no obligation of any character to render or perform the services for which they now seek compensation. We find no authority in those cases cited which would authorize us to extend the rule to the instant case. It appears to us that, under the facts shown in the record in the instant case, there were sufficient statutory provisions to provide for funds with which to employ counsel to defend the town, and there is not shown such a state of facts to warrant us in holding that section 26, art. 10, of the Constitution and statutory provisions of law in accord therewith, do not apply, and should be ignored.

Regardless of the nature or form of the indebtedness sought to be enforced in this suit, there will be found numerous decisions of this court which are decisive and controlling upon the issues and questions involved, which decisions hold adversely to the contentions of the plaintiffs below and the judgment rendered; a few of which are referred to below.

"Section 26, art. 10 of the Constitution, places two distinct and emphatic limitations upon the debt-incurring power of the state and municipalities thereof, to wit:

"(1) That neither the state nor any municipal subdivision shall be allowed to become indebted in any manner, for any purpose, in any year beyond the revenue provided for that year, without the assent of three-fifths of the voters.

"(2) Nor in cases requiring such assent shall any indebtedness be allowed to be incurred in excess of five per cent. of the value of the property therein as determined by the last assessment previous to the incurring of such indebtedness." Mayer v. J. T. Jones & Sons, 113 Okla. 119, 239 Pac. 904.

"A debt which is in excess of the constitutional or statutory limit is void; and in no form can such debt be held valid upon any theory of quantum meruit, or equitable obligation. The absolute lack of power to contract such indebtedness bars every form of action and every legal device by which recovery is sought. * * *" Fairbanks-Morse Co. v. City of Geary, 59 Okla. 22, 157 Pac. 720; Board of County Com'rs of McCurtain County v. Western Bank & Office Supply Co, 122 Okla. 244, 254 Pac. 741.

The following quotations and cases are referred to and taken from the body of the opinion in the case of U. S. Rubber Co. v. City of Tulsa, 103 Okla. 163, 229 Pac. 771:

"The prevailing rule undoubtedly is that if the powers of a municipality or its agents are subjected, by statute or charter, 'to restrictions as to the form and method of contracting that are limitations upon the power itself, the corporation cannot be held liable by either an express or an implied contract in defiance of such restrictions.' McQuillin, Municipal Corporations, sec. 1181; Jersey City Supply Co. v. Jersey City, 71 N. J. L. 631, 60 Atl. 381."

"It is better that an individual should occasionally suffer from the mistake of public officers or agents than to adopt the rule which through improper combination or collusion might be turned to the detriment or injury of the public. Whiteside v. U. S., 93 U. S. 247."

See, also, Threadgill v. Peterson, 95 Okla. 187, 219 Pac. 389; Wilson v. Oklahoma City, 120 Okla. 266, 251 Pac. 484; Dougherty-Nichols Construction Co. v. Town of Jenks, 115 Okla. 104, 242 Pac. 167; Flood v. Town of Shidler, 127 Okla. 148, 260 Pac. 52; Town of Red Fork v. Gantt-Baker Co., Inc., 130 Okla. 175, 266 Pac. 444.

The judgment of the district court is therefore reversed, and cause remanded, with directions to dismiss the action.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 19 R. C. L. p. 978; 3 R. C. L. Supp. p. 989; 4 R. C. L. Supp. p. 1303; 6 R. C. L. Supp. p. 1152. See "Municipal Corporations," 44 C. J. §4071, p. 1134, n. 20; §4073, p. 1135, n. 44; §4089, p. 1146, n. 45.