## COBB v. CITY OF NORMAN.

No. 26782.   Feb. 2, 1937.

Sylvester Grim, for plaintiff in error.

T. Jack Foster, for defendant in error.

PER CURIAM. This is an appeal by petition in error from a judgment of district court of Cleveland county in favor of defendant. The parties will be referred to as they appeared in the trial court.

On April 23, 1932, plaintiff, Fred Cobb, filed his petition in the district court of Cleveland county against the defendant, the city of Norman, a municipal corporation, charging that plaintiff was the city engineer of defendant; that the city commissioners ordered him to do certain engineering work preparatory to paving or special assessment projects during the fiscal years beginning July 1, 1929, and July 1, 1930; that at the time the commissioners employed him to do said work, there were sufficient funds on hand belonging to said city, properly appropriated, to pay for the same; that the work was performed and certain expenses incurred therein by him for which he asked judgment. The defendant answered with a general denial. Trial was had and judgment rendered for defendant May 6, 1935. Motion for new trial was overruled, and plaintiff appealed.

The evidence showed a contract of June 12, 1923, by which the defendant employed the plaintiff as its city engineer; that contract provided the plaintiff should be paid for his services a percentage of the costs of the work done, and in all cases where plaintiff performed services in pavement or special assessment projects, the completion of which was prevented by reason of protests, the defendant agreed to pay plaintiff for such services so performed, such payment to be equal to the actual expense incurred in performing such services; that plaintiff did certain work on order of defendant on paving or special assessment projects during fiscal years beginning July 1, 1929, and July 1, 1930, which projects were protested down and the defendant prevented from completing them; that plaintiff submitted his claim to defendant for payment for such services on said projects and items of expense incurred; and that defendant refused to pay the claim. The plaintiff offered in evidence exhibits 2 and 3, which were financial statements of defendant for said fiscal years 1929 and 1930, showing the amount of money which had been appropriated and set aside for various purposes. Exhibits 2 and 3 do not appear in the record, but defendant states in his brief these exhibits were omitted from the record by agreement of counsel. Defendant further sets out in its brief what it states to be a copy of the financial statements for the said two fiscal years when the work was done. The financial statements so set out show no money appropriated for engineer's fees, services and expenses.

1, 2. The defendant contends plaintiff cannot recover for the reason the contract employing him of June 12, 1923, would not be a valid contract for work done during fiscal years beginning July 1, 1929, and July

1, 1930; and, further, the financial statements for said years did not provide any appropriation for the payment of said work.

The contract of June 12, 1923, was not binding on defendant after fiscal year in which it was made, and to be binding then there must have been funds available at the time, either voted or appropriated for the purpose of meeting the payments provided for in the contract. The rule is well established in Oklahoma that a contract of this nature creates a present indebtedness against the municipality, and is in conflict with section 26, art. 10, of the Constitution of the state of Oklahoma and therefore void.

From the financial statements and the evidence it appears no specific appropriation was made or set up to pay for such engineering services and expenses for the years during which the work was done. Therefore, the defendant could not legally create or pay such indebtedness as plaintiff claimed. The plain purpose of section 26, article 10, of the Constitution, is to require municipalities to carry on their corporate business and operations upon a cash or pay as you go plan. The revenues of each year are used to pay claims of such year; and any liability sought to be incurred through contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided. Flood v. Town of Shidler, 127 Okla. 148, 260 P. 52; O'Neil Engineering Co. v. Incorporated Town of Ryan, 32 Okla. 738, 124 P. 19.

In the case of Town of Red Fork v. Gantt-Baker Co., Inc., 130 Okla. 175, 266 P. 444, the court held:

"Whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed, they do so at their peril.

"Where a party enters into a contract with a town through its trustees, without the assent of the voters thereof, conditioned that such party shall perform engineering service for the town, on contemplated waterworks improvements, the pay for such services being based upon a percentage of the cost of such improvements, and limited to, contingent upon, and payable out of funds to be derived from a bond issue by the town, not voted upon or authorized at the date of entering into such contract, and it appearing there were no funds or levy available to pay for such service at date of contract, held, that such contract attempted to create a present indebtedness against the town and was in conflict with section 26, art. 10, of the Constitution, and therefore void."

The plaintiff cites City of Durant v. Story, 112 Okla. 110, 240 P. 84, that a city is liable for publication expenses when proceedings for paving or special assessments are protested down and city is prevented from finishing of such work, as such publications are required by law. This case sounds out of line with the later decision of this court, and we prefer to follow the later decisions, as they are more in accord with the provisions of the Constitution. Hood v. Jones, 174 Okla. 372, 50 P. (2d) 1124; City of Lawton v. Morford, 146 Okla. 222, 293 P. 1068; Incorporated Town of Jenks v. Pratt, 137 Okla. 156, 278 P. 331.

In the case at bar the defendant voluntarily launched the paving and special assessment projects, the publication expense being required by law only after the projects had been voluntarily started. Before the projects were started the city could have made provision in the annual appropriations and budget for the engineer's fees and publication expense to be paid in case the projects be protested down. This the municipality failed to do, and this the city engineer knew at the time the work was done or expense incurred. For the court to sustain the claim of plaintiff now would result in imposing a debt or liability upon the city in excess of the revenue provided for such fiscal year.

In Hood v. Jones, 174 Okla. 372, 374, 50 P. (2d) 1124, 1127, the court said:

"But the question then arises: Is it within the power of the Legislature to impose such liability upon a city where the result is to impose a debt or liability upon a city in excess of the revenue provided in such fiscal year?

"The plain provisions of section 26, art. 10, of the Constitution prohibits it. It says: 'No * * *. city * * * shall be allowed to become indebted. in any manner, or for any purpose to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose.'

"This constitutional provision is binding upon the Legislature as well as the city. The Legislature may no more impose the debt upon the city than the city may voluntarily incur it. The only power under the Constitution to authorize such indebtedness

is in the voters of such city voting at an election held for that purpose."

After a careful consideration of the record and the decisions, we come to the conclusion that the judgment of the trial court should be, and is affirmed.

The Supreme Court acknowledges the aid of Attorneys William B. Moore, Malcolm E. Rosser, and Harry G. Davis in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Moore and approved by Mr. Rosser and Mr. Davis, this opinion was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur. RILEY, BUSBY, and GIBSON, JJ., absent.