THOMPSON v. BOARD OF COM'RS OF OTTAWA COUNTY.

No. 33284. April 26, 1949.

Rehearing Denied May 24, 1949.

*206 P. 2d 222.*

Frank Nesbitt, Robert E. Nesbitt, and Nelle Nesbitt, all of Miami, for plaintiff in error.

W. R. Smith, Co. Atty., and H. G. E. Beauchamp, Asst. Co. Atty., both of Miami, for defendant in error.

LUTTRELL, J. On July 30, 1946, plaintiff, Marguriete Thompson, filed in the office of the county clerk of Ottawa county a claim for $1,165 damages for the appropriation for road purposes of a strip of land adjacent to a county highway running through her property. The claim was disallowed, and from such action she appealed to the district court of Ottawa county. The cause was tried to the district court without a jury, and the trial court rendered judgment against the plaintiff, holding that the contract upon which the claim was based was illegal, void and un-enforceable; violative of the statutes and Constitution of the State of Oklahoma; beyond the limit of authority of the board of county commissioners, and in excess of appropriations for the fiscal year. The court further held that there was no evidence to establish the fact that there were any funds legally allocated or appropriated to discharge the obligation of the purported contract; that the claim was never liquidated in any manner, or any amount therefor made definite and certain, and that the contract upon which it was based was not the contract of the county commissioners of Ottawa county, but was the individual contract of one of said commissioners, which was never ratified by the board. From this judgment, plaintiff appeals.

There is little controversy over the facts. From the evidence it appears that plaintiff, being the owner of certain lands in Ottawa county through which ran a county road, executed a deed for additional right of way on June 30, 1942. This deed was prepared and presented to her by Guy Dennison, the county commissioner in whose district the road was located. The deed provided for a consideration of $200 cash, and contained a further provision, which the deed recited to be additional consideration, as follows:

"The County of Ottawa, Oklahoma agrees to build an underpass nine (9) feet by seven (7) feet on that portion of road described in the Right-of-Way Deed, when funds and materials may become available, and to cut and maintain a drainage ditch near the east and to carry the surface water to the east end of the road."

The deed was delivered to the county authorities by Marguriete Thompson on July 1, 1942, and at the same time she filed a blank claim for the $200 cash payment. This claim, as presented to the board of county commissioners on July 6, 1942, was dated June 27, 1942, and recited that the said sum of $200 constituted payment in full for the right of way. This claim was approved by the county commissioners and warrant duly issued to plaintiff.

The underpass provided for in the above-quoted portion of the deed was never constructed. Plaintiff went abroad for the Red Cross in September or October, 1943, and did not return until sometime in 1945. In 1944, her mother, who was in charge of her affairs, appeared before the board of county commissioners and requested that the underpass be built, and later on plaintiff's father made the same request to the board. Upon her return from abroad plaintiff, either in the latter part of 1945, or early in 1946, also appeared before the board and demanded that

the underpass be built. It appears that the county commissioners as a board never took any action, looking to the approval of the contract contained in the deed, or the building of the underpass. The testimony of plaintiff and her parents was to the effect that the commission informally promised that they would see that the underpass was constructed, but the testimony of the commissioners was that they refused to have anything to do with it, regarding it as Dennison's business, and that they were willing that Dennison should build the underpass if and when he could out of the portion of the road funds of the county allocated to his district.

It further appears that sometime in September or October, 1945, the county road was widened so that it occupied an additional portion of this right of way, and has ever since occupied a part thereof.

Plaintiff on appeal contends that the trial court erred in holding: (1) That the contract was illegal, void and unenforceable because in violation of the Constitution and statutes of the state; (2) that the contract was beyond the limits of authority of the board of county commissioners and in excess of appropriations for the fiscal year; (3) that the contract was so indefinite as to be void; and (4) that the contract was void as not being a contract with the board in regular meeting, but an individual contract of one of the commissioners, and that the contract was never ratified by the board as a body. We deem it unnecessary to consider these contentions separately since we think all may be disposed of together.

On its face the contract is indefinite both as to the amount of money necessary to perform it and the time within which it was to be performed. There is no evidence that the board of county commissioners knew of its existence prior to the time plaintiff's mother appeared before it in 1944, nor was there at any time any official action taken by the board approving, adopting or confirming the contract. Assum-

ing that plaintiff is correct in her contention that the contract became effective in the fiscal year 1942-1943, it is not shown that the construction of the underpass was included in the itemized statement of the amounts necessary to be expended in that fiscal year filed by the county commissioners with the county excise board as required by 68 O.S. 1941 §286, or that any appropriation was made therefor by the county excise board as required by 68 O.S. 1941 §289. Nor was the contract submitted to the officer charged with keeping the appropriation and expenditure records of the county as provided by 62 O.S. 1941 §311.

In Western Paint & Chemical Co. v. Board of County Com'rs of Garfield County, 161 Okla. 300, 18 P. 2d 888, we held that a contract signed by two members of the board of county commissioners individually was not binding upon the county, or upon the board. We there said:

"Under such law (art. 9, ch. 16, Rev. Laws 1910) the only way by which the county could be bound upon a contract was by action taken by the board while it was in session. And the evidence of what was done are the records kept by the board. Under this law a board of county commissioners could only act to bind the county while they were sitting as a board".

This statement was taken from Butler v. Board of Commissioners of Delaware County, 57 Okla. 748, 157 P. 912.

By the provisions of 68 O.S. 1941 §289, appropriations made by the county excise board for the county are required to be itemized, and in connection with roads to show the amount allocated for the construction of any bridges; construction and maintenance of state roads and "for opening and changing roads and costs incident to condemnation proceedings to obtain right of way for roads; . . .", and by 62 O.S. 1941 §311, all purchase orders and contracts must be, by the county commissioners, submitted to the officer charged with keeping the appropriation and expendi-

ture records of the county (the county clerk), who is required to certify that there is an unincumbered balance in the appropriation made for that purpose by the excise board by signing the purchase order or contract.

In Austin-Western Road Machinery Co. v. Board of County Commissioners, 160 Okla. 232, 11 P. 2d 117, we said:

"The requirements for a valid and binding contract between any person and the board of county commissioners affecting funds in the county highway fund are: First, an appropriation must have been made by the board of county commissioners, and approved by the excise board of said county making an appropriation for the kind of work or material sought to be covered in said contract; second, the records in the county clerk's office must show an unexpended balance in said appropriation equal to or more than the amount of the contract sought to be made; third, the contract or purchase order must be signed and certified to by the county clerk certifying that there is an unexpended balance in said appropriated fund sufficient to pay the amount of said contract."

There we said that the failure of any one of the above requirements voided the contract. The statement of law above quoted was approved in Clarence L. Boyd Co. v. Blachly, 171 Okla. 626, 43 P. 2d 462, and in Kurn v. Helm, 182 Okla. 260, 77 P. 2d 552.

Since, in the record in the instant case, there is no showing that any of these requisites were complied with, and it is further shown that the contract was never entered into, adopted or approved by the board of county commissioners as a body, in regular session, it follows that the contract is void.

Plaintiff urges that the action of the county in taking possession of the additional right of way and constructing a roadway thereon is a ratification of the contract. But this was not done until 1945, and we have repeatedly held that expenses incurred in one year, where not shown to have been within an appropriation for such year, could not be paid out of monies collected in subsequent years. Cobb v. City of Norman, 179 Okla. 126, 64 P. 2d 901, and cases therein cited.

Plaintiff also contends that the taking of the land by the county without paying the whole consideration therefor is a taking of private property without the payment of just compensation therefor. However, the instant case was not a proceeding in reverse condemnation, but an appeal from the disallowance of plaintiff's claim by the board, in which case the jurisdiction of the court is confined to the jurisdiction the board had. It could only pass upon the validity or invalidity of the claim. Broadwell v. Board of Commissioners of Bryan County, 88 Okla. 147, 211 P. 1040; In re Bucher, 162 Okla. 168, 20 P. 2d 150.

Affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.